UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
RONALD R. COLSON,                                                       :
                                                                        :
                                 Plaintiff,             :   18-CV-2765 (JMF)
                                                                        :
              -v-                                       :   ORDER
                                                                        :
WARDEN MINGO et al.,                                                    :
                                                                        :
                                 Defendants.            :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On September 27, 2022, Plaintiff moved for appointment of pro bono counsel. ECF No. 118.[1] The Court reserved judgment on Plaintiff's request pending submission of Defendants' motion for summary judgment. ECF No. 120. On March 30, 2023, Defendants filed their motion. ECF No. 125.

       In determining whether to grant an application for counsel, the Court must consider "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). The first factor — the merits of the plaintiff's case — is, however, a "threshold requirement"; only if the plaintiff's case "seems likely to be of substance" should the Court "consider [the] other criteria." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986);

---

[1] This is Plaintiff's third request for appointment of pro bono counsel. *See* ECF Nos. 3, 42. The Court denied the first without prejudice as premature, ECF No. 8, and granted the second for the limited purpose of assisting with discovery, ECF No. 45. That pro bono counsel's representation ended on August 25, 2022, once discovery was completed. ECF No. 117.

*Cooper*, 877 F.2d at 172.  The Court must also be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not be granted indiscriminately.  *Cooper*, 877 F.2d at 172.  Applying these standards, Plaintiff's request is DENIED.  The Court reserves judgment on Defendants' motion, but having reviewed the record in this case, the Court concludes that Plaintiff's claims fail to "pass the test of likely merit" and thus that appointment of counsel is not warranted.  *Id.* at 173.

Plaintiff shall file any opposition to Defendants' motion by **May 12, 2023**.  Defendants shall file any reply **within one week of Plaintiff's opposition**.  If Plaintiff wishes to cross-move for summary judgment, he must file a single, consolidated memorandum of law in support of his cross-motion and in opposition to Defendants' motion by **the date set forth above**.  In that instance, Defendants' consolidated memorandum of law in reply to Plaintiff's opposition and in opposition to Plaintiff's motion would be due **two weeks later** and any reply by Plaintiff would be due **two weeks after Defendants' reply/opposition**.

Plaintiff is advised that there is a legal clinic in this District to assist people who are parties in civil cases and do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the *Pro Se* Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake papers to the NYLAG *Pro Se* Clinic at 40 Foley Square, Room LL22, New York, NY 10007.  Once the paperwork is received, the Clinic will coordinate contact with the litigant, which may take up to two weeks.  A copy of the Clinic's retainer and intake paperwork is attached to this Order.

The Clerk of the Court is directed to terminate ECF No. 118 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 31, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge

Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

**NYLAG** — New York Legal Assistance Group

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**