**Robinson+Cole**

MEMO ENDORSED

GLENN GREENBERG

666 Third Ave., 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
ggreenberg@rc.com
Direct (212) 451-2933

*Via ECF*

July 8, 2024

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:      *Colson v. Mingo, et al.*, No. 1:18-cv-2765 (JGLC)

Dear Judge Clarke:

In accordance with Local Rule 37.2 and Rule 4(k) of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff respectfully requests that the Court address a number of disputes regarding Defendants' document productions.[1]  We have asked Defendants about the documents described below approximately a dozen times, often without receiving a response, and now have extended Defendants' time to provide these documents multiple times.  *See* Ex. 1(A)-(D).  We therefore reluctantly have had to involve the Court.

As explained below, Defendants failed to produce a number of documents that were called for by the discovery propounded.  Defendants should have supplemented their productions.  Fed. R. Civ. P. 26(e).  Even if Defendants were not required to supplement, Defendants' failure to produce the required documents is good cause to reopen discovery.  *See* Dkt. 152 at 55.

<u>Documents Defendants Have Not Agreed to Produce</u>

Defendants failed to comply with their discovery obligations.  Defendants produced government orders (*e.g.*, orders and memos) relevant to the Facility Probe Team pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) even though Defendants have stated that members of the Emergency Services Unit ("ESU") were the ones involved in the gassing of Mr. Colson.  *See* Ex. 1(B) at 1; *see also* Ex. 2. Defendants have stated that they do not know whether the Facility Probe Team government orders apply equally to ESU.  Ex. 1(B) at 1.  Whether these government orders apply to ESU is important

---

[1] This letter-motion applies to all Defendants except Enjoli Murria and Munish Chopra, who were recently added to the case.

Boston | Hartford | New York | Providence | Miami | Stamford | Los Angeles | Wilmington | Philadelphia | Albany | New London | **rc.com**

Robinson & Cole LLP

# Robinson+Cole

The Honorable Clarke
July 8, 2023
Page 2

in this case.  For example, the Probe Team's Operations Order, if applicable to ESU, supports Mr. Colson's testimony that he saw someone operating a handheld video camera on the bus since the Order requires the tour commander to assign an officer to operate a handheld video camera every day.  Ex. 2 at DEF000563, DEF000564.  Defendants should produce government orders applicable to ESU and identify any parts of the Probe Team's government orders that apply to ESU or stipulate that the Facility Probe Team's government orders apply equally to ESU.

Similarly, Defendants produced, "as instructed by the Court," a "Command Level Assessment and Maintenance of Stationary Surveillance Cameras" Operations Order; however, the one they produced pursuant to this instruction was not in effect when the incidents at issue took place. Ex. 3 at 1; *see id*. at DEF000181.  It is unclear whether there should have been a recording of any of the events that took place in the sally port area.  *See* Ex. 1(D) at 1.  Defendants should produce the Command Level Assessment and Maintenance of Stationary Surveillance Cameras" Operations Order that was in effect on the dates in question.  In light of this issue, Plaintiff also respectfully requests the Court issue an order requiring the Parties to enter into a stipulation that all of the directives Defendants produced were the ones that were in effect on the dates of the events at issue.

Finally, Defendants produced the Security Restraints for Transporting Violent Inmates (Red I.D. Card, Restraint Status and Red Accompanying Card Inmates) Operations Order pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), but it does not appear that they have produced information sufficient to identify which inmates fell within the scope of this Order.  Ex. 4.  By producing it pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendants have admitted that that information "concern[s] the incident."  *See* Ex. 5 at 2.

Defendants are correct.  For example, Defendants argue that they acted reasonably and support this position by pointing to their assertion that two inmates in the back of the bus exited voluntarily before they sprayed Mr. Colson.  Officers in the intake area to which the inmates on the bus were taken saw two inmates come in without having been gassed.  However, the officers had to remove inmates from the cages on the bus before they sprayed the inmates in the back of the bus. Defendants story would be damaged if the two people who left the bus were the ones in the cages – *i.e*., those who fell within the scope of the Security Restraints for Transporting Violent Inmates (Red I.D. Card, Restraint Status and Red Accompanying Card Inmates) Operations Order.  *See* Ex. 4 at DEF000559.

**Robinson+Cole**

The Honorable Clarke
July 8, 2023
Page 3

Documents Defendants Have Agreed to Produce But Have Not Done So Yet

In addition, Defendants have agreed to produce the following documents: (1) the MSDS/SDS for the chemical agent that was used on the bus; and (2) written confirmation that Operation Order Nos. 26/89, 22/07, and 02/13 were in effect on August 30-31, 2016.

Plaintiff has repeatedly brought up these discovery issues since May 15, 2024, but Defendants have not responded in a timely manner. *See e.g.*, Ex. 1(A); *see also* Ex. 1(B) at 2-3. Plaintiff requests that the Court order Defendants to provide the foregoing documents and information by July 15, 2024.

Meet and Confer

Glenn Greenberg and Evan Gottstein met and conferred via zoom/phone for approximately an hour on May 30, 2024. The parties were able to limit, but not completely resolve, their differences.

Plaintiff repeatedly asked Defendants to provide their responses to this letter-motion and gave them an extension until 5 p.m. today. *See* Ex. 1(D) at 1. Defendants did not provide a response after this extension was granted.

Thank you for your consideration of this request.

Respectfully,

*/s/ Glenn Greenberg*

Glenn Greenberg

CC: All Counsel of Record (*via ECF*)

For the reasons stated on the record on July 15, 2024, Defendants shall produce the documents in accordance with the Court's rulings, or confirm to Plaintiff that such documents do not exist, no later than **July 29, 2024**. The deadline for any applications to seal the exhibits at ECF No. 171 is also **July 29, 2024**. The parties shall also file a joint letter with a proposed briefing schedule for dispositive motions by the same deadline. Jury trial is to commence on **January 6, 2025**. At a later date, the Court will issue an order setting the final pretrial conference and the deadlines for *motion in limine*. The case management conference scheduled for September 4, 2024, *see* ECF No. 170, is ADJOURNED *sine die*.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: July 15, 2024
New York, New York