



**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
phone: (212) 356-2262
fax: (212) 356-1148
egottste@law.nyc.gov

August 14, 2024

**BY ECF**
Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    Ronald Colson v. Mingo, et al.
                 18 Civ. 2765 (JGLC) (VF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendants write to supplement their motion to file certain DOC policies attached to plaintiff's July 8, 2023 motion to compel, and respectfully request that the annexed redacted version of DOC Operations Order 01/15 be used to replace Exhibit 2 of plaintiff's motion at ECF No. 171. The parties have conferred pursuant to 5(d)(i) of Your Honor's Individual Rules in Civil Cases, and plaintiff takes no position on defendants' proposed redactions annexed hereto.

      By way of background, on August 12, 2024, defendants filed a motion to file certain DOC policies with redactions, and requested an extension until today, August 14, 2024, to submit their proposed redactions to Operations Order 01/15. ECF No. 186.

      Similar to the restraint procedures in DOC Operations Order 02/13, the proposed redactions to Operations Order 01/15 are narrowly tailored to preserve the general interest in public access to court documents while only omitting the information that, if public, would pose a security risk to detainees and personnel at all DOC facilities. *See* ECF No. 186. Likewise, if DOC policies about facility probe teams (which are responsible for responding to emergency alarms within DOC facilities) were public, it could alert current and future detainees as to the details of those procedures in a way that could help them circumvent those procedures and thwart the probe teams' efforts to get certain emergency situations under control and restore safety and order to their respective facilities. The City's interest in maintaining the confidentiality of the tactical and

logistical procedures that DOC facility probe teams follow ensures the security of DOC facilities and this safety concern justifies redacting these exhibits under the *Lugosch* standard. *See, e.g., Barnes v. Smith*, 2013 U.S. Dist. LEXIS 117261, at *6-7 (E.D.N.Y. Aug. 19, 2013) (holding that redacting from production sections of a DOC directive that could facilitate inmate escape and pose risk to DOC staff was proper). Additionally, this information would typically be protected by the law enforcement privilege. *See In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988) (reiterating that one purpose of the law enforcement privilege "is to prevent disclosure of law enforcement techniques and procedures"). However, in balancing the respective interests in this case, defendants did not object to producing these procedures to plaintiff during discovery (as plaintiff is unlikely to benefit from knowing these procedures since he is now serving a life sentence in a DOCCS state facility), but simply designated them "Confidential" pursuant to the protective order that is in effect in this case. Disclosing them on the public docket, however, presents a greater threat to the security interests of DOC.

Accordingly, for these reasons, and for the reasons set forth in defendants' motion at ECF No. 186, defendants respectfully request (1) that the attached version of Operations Order 01/15 replace Exhibit 2 of plaintiff's July 8 motion to compel at ECF No. 171-5.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

*Evan J. Gottstein*          /s/
Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   *All Counsel of Record* (Via ECF)

With respect to the proposed redactions, *see* ECF Nos. 187 and 192, the Court finds that the City's interest in maintaining the confidentiality of the DOC restraint procedures (and the attendant safety concerns) outweighs the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Counsel for Plaintiff is directed to publicly refile ECF No. 171, replacing Exhibits 2 and 4 with the redacted versions at ECF Nos. 187 and 192, no later than **August 20, 2024**.

Counsel for Defendants is once again reminded that, per the Court's Individual Rules, requests for extensions must be made at least 48 hours prior to the deadline.

The Clerk of Court is directed to terminate ECF Nos. 186 and 191.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: August 19, 2024
       New York, New York