

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
phone: (212) 356-2262
fax: (212) 356-1148
egottste@law.nyc.gov

October 29, 2024

**BY ECF**
Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

          Re:     <u>Ronald Colson v. Mingo, et al.</u>
                    18 Civ. 2765 (JGLC) (VF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendants write to respectfully request an adjournment of the trial in this matter, which is currently scheduled to begin on January 6, 2025. This is the first request for an adjournment of the trial in this matter, and plaintiff does not consent to this application at this time, stating that he does not believe such adjournment would be necessary now, without knowing when the Court will enter an Order on the recently submitted briefing.

      On July 15, 2024, the parties appeared for a case management conference, during which the Court scheduled the trial in this matter to commence on January 6, 2025. ECF No. 177. The Court's Order also provided that the Court would issue an order "at a later date" setting the final pretrial conference and setting deadlines for motions *in limine*. *Id.* Based on the parties' discussion with the Court during the July 15 conference, defendants understood this to be a tentative trial date, subject to the parties' and witnesses' availability, and subject to defendants' dispositive motions (which included a motion to dismiss the claims against the newly added defendants and a motion for partial summary judgment as to other defendants) being fully briefed and decided with sufficient time for the parties to then brief and file pretrial submissions based on the Court's decision on defendants' dispositive motions.

      Given the remaining issues to be decided by the motion to dismiss and renewed Summary Judgment motion and their possible impact on the trial, defendants are requesting a brief

adjournment of the currently set trial date.  As of October 21, 2024, defendants' dispositive motions have been fully briefed.  *See* ECF Nos. 201-208, 216.  That same day, in the Court's Order, the Court directed the parties to "prepare for oral argument on the motion to dismiss and motion for partial summary judgment, which will be scheduled after the settlement conference on November 18, 2024." ECF No. 215.  In light of the Court's indication that defendants' dispositive motions will be decided sometime at or after oral argument, which will not occur until sometime after November 18, defendants respectfully request an adjournment of the trial in this matter to a date at least 60 days after the Court rules on defendants' dispositive motions. This timeline would also allow the parties to prepare pretrial submissions and prepare for trial, the scope of evidence for which will depend on how the Court rules on defendants' pending motions.  As of Wednesday of last week, plaintiff indicated that this trial may involve the testimony of as many as 16 current or former DOC employees.  If, however, the Court grants defendants' motion for summary judgment dismissing plaintiff's claims against Defendants Carter, Anderson, Lopera, Ross, and Mingo, for example, their testimony likely would not be needed (or it would at least significantly limit the scope of their testimony that would be necessary based on which claims and which defendants remain for trial).  As another example, the Court's ruling on Defendant City's motion for summary judgment as to plaintiff's *Monell* claims would also significantly affect the scope of issues to be tried and the number of witnesses that would need to be prepared.[1]

The requested adjournment will also give the parties time to resolve several secondary issues that have arisen with respect to this trial.  These include a request to file certain documents in the parties' motion papers under seal/with redactions (nearly all of which plaintiff has previously agreed should be treated as confidential and should not be publicly disseminated),[2] and motions that plaintiff has filed in *Nunez v. City of New York*, No. 11-CV-5845 (LTS), including a motion for reconsideration that plaintiff filed in that case just last week.  *See Nunez* ECF No. 787.[3]  This also may affect the scope of evidence that will be presented in this trial.

---

[1] The undersigned is also going to be out of the country from December 24, 2024, until December 29, 2024, which will have a significant impact on defendants' ability to prepare for a January 6 trial if there is a shortened timeline following a decision on what issues/defendants will actually be tried.

[2] *See* ECF Nos. 29, 161.  In fact, with respect to Exhibit 5 of plaintiff's opposition papers, plaintiff now argues that this exhibit should be publicly filed with only certain information redacted, even though plaintiff had initially implied that he would not object to that exhibit being filed under seal.  This means that defendants' counsel had not previously conferred with DOC regarding proposed redactions to that Directive, so we require additional time do so now that plaintiff has clarified that he actually does not consent to filing that Directive under seal.  Defendants therefore respectfully request an opportunity to respond to plaintiff's letter at ECF No. 217 by November 4, 2024, after we have had an opportunity to confer with DOC regarding plaintiff's latest positions on the proposed redactions.

[3] Plaintiff has indicated that he plans to appeal Chief Judge Swain's October 15, 2024 Order to the Second Circuit if his motion for reconsideration is denied.  *See Nunez* ECF No. 787 at 2.

Accordingly, to allow both parties a reasonable amount of time to prepare and file pretrial submissions and prepare for trial following the Court's decision on defendants' pending dispositive motions, defendants respectfully request an adjournment of trial date in this matter, from January 6, 2024, until date at least 60 days after the Court rules on defendants' motion to dismiss and partial motion for summary judgment.[4]

Defendants thank the Court for its time and consideration of this application.

Respectfully submitted,

*Evan J. Gottstein* /s/

Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   *All Counsel of Record* (Via ECF)

Application GRANTED. The trial date set for January 6, 2025, is ADJOURNED. The Court will set a new trial date that provides parties adequate time to prepare for trial after decisions on the pending motions. Counsel are ORDERED to inform the Court of their availabilities for trial in February 2025, by **November 15, 2024**. The Clerk of Court is directed to terminate ECF No. 218.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated:  November 8, 2024
        New York, New York

---

[4] Defendants' counsel has thus far confirmed availability for Defendants Mingo, Lake, Chopra, Daniels, and Ross, as well as former Defendant (and likely nonparty trial witness) Gumbs-Francis, and can confirm that these individuals can be available for trial from mid-January through mid-March 2025, except that (Ret.) Chief Mingo is scheduled to travel out of state from February 8-14, 2025. Defendants can update the Court with any other known scheduling conflicts once the undersigned has confirmed the availability of all remaining defendants and potential DOC witnesses. Plaintiff's counsel also advises that he is unavailable on January 28-29, 2025, due to trial in another matter.