UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD E. COLSON,

                      Plaintiff,

-against-

MAXSOLAINE MINGO, MUNISH CHOPRA, ENJOLI MURRIA, MARK DANIELS, WALTER ROSS, KEVIN ANDERSON, CEDRIC CARTER, ALASON HENRY, EDWIN LOPERA, DANIEL ORTIZ, and THE CITY OF NEW YORK,

                      Defendants.

18-CV-2765 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

      The Court has reviewed the submission at ECF No. 239 on remaining discovery disputes. First, to the extent that any issues remain regarding Captain Ross's date of testimony, the Court will take those issues up at the final pretrial conference. Second, the Court will not mandate any stipulations between the parties. If issues remain regarding the stipulations after the parties have filed pretrial submissions, the Court will also take those issues up at the final pretrial conference.

      Finally, regarding signatures on interrogatory responses, the Federal Rules of Civil Procedure require signatures by the person who made the answers. Fed. R. Civ. P. 33(b)(5). Defendants have complied with this rule through the signature of the answers by Corporation Counsel. *See Shire Lab'ys, Inc. v. Barr Lab'ys, Inc.*, 236 F.R.D. 225, 227 (S.D.N.Y. 2006) (noting that under Federal Rule of Civil Procedure 33(b)(1)(B), an "office or agent" who must answer and verify interrogatories to the corporation includes an attorney for the corporation). The Rule does not mandate that each individual defendant also verify the interrogatories.

However, as Defendants note, the responses "were based on collective information of all defendants and information and documents within DOC's possession." ECF No. 239 at 2. Indeed, Local Civil Rule 33.2(c) states that such a response is made "on behalf of [] individual respondent[s] represented by the Office of the Corporation Counsel." Because Corporation Counsel's signature verifies that responses are on behalf of all Defendants, the interrogatories are binding on all Defendants. In other words, while the Court will not compel each Individual Defendant to review and verify the interrogatory responses, no Defendant will be allowed to contradict the interrogatory answers at trial. *See LaBounty v. Coombe*, No. 95 CIV. 2617 DLC AJP, 1996 WL 30291, at *3 (S.D.N.Y. Jan. 24, 1996) (noting that while federal rules may not require counsel to "review the interrogatories . . . with each defendant," a court may assume that counsel for defendants has "complied with its obligations" to make an adequate investigation in support of interrogatory responses, and thereby treat all individual defendants as bound by interrogatory responses).

Dated: January 28, 2025
New York, New York

SO ORDERED.

_Jessica Clarke_

JESSICA G. L. CLARKE
United States District Judge