


**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
phone: (212) 356-2262
fax: (212) 356-1148
egottste@law.nyc.gov

February 13, 2025

**BY ECF**
Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>Ronald Colson v. Mingo, et al.</u>, 18 Civ. 2765 (JGLC)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendants write: (1) to respectfully request an extension of time until February 21, 2025 to file motions *in limine*, the joint pre-trial order (JPTO), joint proposed *voir dire*, requests to charge, and verdict sheet, and the Microsoft Excel sheet required by Rule 1(f)(i) of Your Honor's Individual Trial Rules and Procedures; and (2) to request an adjournment of the trial date based on recently scheduled oral argument on plaintiff's appeal regarding the scope of the Nunez consent decree. Regarding defendants' request for an extension to submit pretrial filings and motions *in limine*, plaintiff states that he "doesn't object if the Court doesn't object," and plaintiff opposes the request to adjourn.

      I.    <u>Pre-Trial Filings</u>

      On January 16, 2025, the Court entered a Pretrial Scheduling Order, directing the parties to file a JPTO, motions *in limine*, joint proposed *voir dire* questions, joint requests to charge, and a joint verdict sheet by February 17, 2025,[1] and opposition to motions *in limine* by February 24, 2025. *See* ECF No. 237. The Scheduling Order also directed the parties to email opposing counsel and the Court copies of all trial exhibits, demonstrative aids, and a Microsoft Excel document as per Individual Trial Rule 1(f). *Id.* On February 10, 2025, plaintiff sent defendants a draft of his portions of the JPTO, but he deliberately omitted his exhibit list from the JPTO that is required by Rule 1(a)(xii) of Your Honor's Individual Trial Rules. Plaintiff has communicated apparently

---

[1] Because February 17, 2025, is a legal holiday, under Fed. R. Civ. P. 6, defendants understand the current deadline for these submissions to be February 18, 2025, which is the next day following the legal holiday.

believed that he did not need to provide defendants with his exhibit list until the parties actually emailed the Excel sheet to the Court, despite the clear requirement that the JPTO set forth each party's exhibits. Defendants then explained that they needed plaintiff's intended exhibit list prior to the submission deadline so that defendants could: (1) determine what, if any, exhibits they would seek to introduce specifically in response to any of plaintiff's exhibits, (2) add their objections to the third and fourth columns of the Excel sheet, and (3) determine whether any objections to plaintiff's exhibit list should more appropriately be briefed in defendants' *in limine* motions.

Plaintiff sent defendants his anticipated exhibit list the morning of February 12, which included approximately *fifty (50)* anticipated exhibits. Also on February 12, plaintiff emailed defendants amended objections and responses to defendants' first set of interrogatories, which defendants first served on plaintiff on May 13, 2019, and to which plaintiff previously responded on October 1, 2020, while represented by prior counsel.[2] Accordingly, to allow defendants sufficient time to review plaintiff's exhibit list and amended interrogatory responses and add any motions *in limine*, exhibits, or witnesses based on this recently received information, defendants respectfully request a brief extension until Friday, February 21, 2025, to file motions *in limine*, the joint pre-trial order (JPTO), joint proposed *voir dire*, requests to charge, and verdict sheet, and the Microsoft Excel sheet.

    II.    <u>Request to Adjourn the Trial</u>

Defendants are mindful of the age of this case and share the Court's intention to proceed to trial expeditiously. However, on Thursday, February 6, 2025, the Second Circuit set a briefing schedule for plaintiff's appeal in the *Nunez* matter that, depending on the outcome, could fundamentally prejudice defendants' ability to properly prepare for trial in this matter or delay a final adjudication.

As the Court is aware, plaintiff failed to conduct any *Monell* discovery in this case. Nevertheless, plaintiff purported to oppose defendants' motion for summary judgment on his *Monell* claim using evidence from the monitorship imposed in the class action *Nunez v. City of New York*, S.D.N.Y., 11-CV-5845 (LTS). When plaintiff learned that the Monitor's reports were explicitly inadmissible in other litigations, he tried to serve a subpoena on the Deputy Monitor in *Nunez* to provide live testimony about the contents of the inadmissible monitor reports. Chief Judge Swain entered an order that, under the terms of the current Consent Judgment, all confidentiality restrictions imposed on the Monitor apply equally to the Deputy Monitor and all monitor staff, which includes the prohibition from testifying in other litigations about information learned in the course of their duties in the *Nunez* monitorship. Chief Judge Swain's Order was entered on October 15, 2024. Plaintiff moved for reconsideration of that decision, and Chief Judge Swain denied his motion, explaining that "[t]raditional contract principles" rendered plaintiff's reading of the consent judgment untenable. *Nunez* ECF No. 797. Plaintiff noticed an appeal of

---

[2] As an example, plaintiff has significantly amended his interrogatory responses regarding the types of injuries he is claiming in this lawsuit and his responses regarding his criminal history and civil litigation history. Defendants have not yet had an opportunity to cross-reference these amended responses with all of the prior discovery and plaintiff's prior deposition testimony since receiving the amended responses yesterday.

Judge Swain's initial order and moved for expedited review. On January 16, 2025, this Court granted summary judgment in favor of the City on plaintiff's *Monell* claims, but with respect to his *Monell* claim for excessive force, the Court held that plaintiff *may* move for reconsideration if the Second Circuit renders a favorable decision in his appeal in *Nunez*. *See* ECF No. 236 at 30 n.1.

Plaintiff renewed his motion for expedited review of his appeal in the Second Circuit on January 24, 2025, on the grounds that trial in this matter was scheduled to begin on March 17, 2025. *See* 2d Cir. Docket No. 24-3055 at ECF No. 31. On February 6, 2025, the Second Circuit granted plaintiff's request for expedited review, and ordered plaintiff's brief to be filed by February 7, the City's opposition to be filed by February 21, 2025, plaintiff's reply to be filed by February 28, 2025, and oral argument to be scheduled for "as early as the beginning of March 2025." 2d Cir. No. 24-3055 at ECF No. 34. On February 11, 2025, the Circuit docketed proposed scheduling for oral argument for the week of March 10—the week prior to the commencement of this trial.

In light of this timeline, in the event that plaintiff prevails on his appeal, the parties could not practically brief a motion for reconsideration on plaintiff's *Monell* claim and obtain a ruling in time for this case to be tried in its entirety the week of March 17. Moreover, assuming plaintiff prevailed on a motion for reconsideration and his *Monell* claim were reinstated, there would still be a number of evidentiary issues regarding the scope of any *Monell* evidence which would need to be briefed and decided. Those issues cannot be addressed now, because plaintiff's claim is not operative and because the scope of any ruling favorable to the plaintiff on this subject cannot be known.[3] If the *Monell* claim were reinstated, the parties would also need to amend the JPTO and propose new jury instructions on this claim. None of those issues can be resolved in the time between oral argument and the current trial date.

Given the current timeline, proceeding to trial on March 17 on plaintiff's remaining claims would result in a *de facto* bifurcation of his *Monell* claim if it were later revived. While defendants would seek to bifurcate any *Monell* claim, they would also seek to have any claims for individual and *Monell* liability heard by the same jury in sequence. *See, e.g.*, *Mineo v. City of New York*, 09-CV-2261 (RRM) (MDG), 2013 U.S. Dist. LEXIS 46953, *6 (E.D.N.Y. Mar. 29, 2013) (granting bifurcation to avoid prejudice of presentation of evidence of municipality liability against individual defendants and ordering *Monell* trial to immediately follow liability verdict. This approach is preferable to bifurcation with two trials and two juries because it would avoid inconsistent verdicts, minimize the unnecessary duplication of evidence, and conserve the parties' and Court's resources.

Additionally, if plaintiff's *Monell* claim is reinstated between now and March 17 it would cause undue prejudice to defendants to have to prepare for trial on that claim in less than one week. Accordingly, defendants respectfully request an adjournment of the trial in this matter until a date after a final resolution of plaintiff's appeal and *Monell* claim.

---

[3] Additionally, if the Second Circuit finds that the *Nunez* Consent Judgment, in its current form, does not bar the Deputy Monitor from testifying, the City would also need time to consider remedial options in *Nunez*.

Defendants have attempted to meet and confer in good faith with plaintiff on these issues. Plaintiff did not consent to the request to adjourn the trial and represented that he will seek to reinstate the *Monell* claim in this case on the eve of trial if he prevails in his appeal in *Nunez*.

Defendants thank the Court for its time and consideration of this matter.

Respectfully submitted,

*Evan J. Gottstein*          /s/

Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   *All Counsel of Record* (Via ECF)

Application DENIED IN PART and GRANTED IN PART. Given that the Second Circuit is expediting decision in *Nunez* because of the trial date in this matter, the Court will not adjourn the trial date at this time. If the Second Circuit renders a decision that impacts the scope of this case, the Court will consider, at that time, whether to reschedule trial.

Parties shall submit all joint filings as required by the Pretrial Scheduling Order by **February 21, 2025**. Plaintiff may resubmit amended exhibited filings or motions *in limine* by this same date. Defendants shall submit motions *in limine*, if any, by **February 21, 2025**. Parties to file motions oppositions by **February 27, 2025**. The final pretrial conference will remain as scheduled for March 6, 2025.

The Clerk of Court is directed to terminate ECF Nos. 247 and 250.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE

Dated: February 18, 2025
       New York, New York