

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**EVAN J. GOTTSTEIN**
*Senior Counsel*
phone: (212) 356-2262
fax: (212) 356-3509
egottste@law.nyc.gov

February 24, 2025

**BY ECF**
Honorable Jessica G.L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



Re: Ronald Colson v. Warden Mingo, et al.
18 Civ. 2765 (JGLC)

Your Honor:

I am the attorney assigned to represent defendants in the above-referenced matter. Defendants write to in response to plaintiff's letters docketed at ECF Nos. 258, 261, and 266.

A. Joint Charge and Verdict Form

Defendants write in response to plaintiff's letter regarding the parties' joint charge and verdict form. (ECF No. 261). At the outset, defendants apologize to the Court for recent delays and will work to avoid further avoidable requests for Court intervention. On Friday, February 21, 2025, defendants filed both the joint charge and joint verdict form, consisting of plaintiff's proposals with defendants' objections and proposals. The undersigned inadvertently failed to provide plaintiff with defendants' proposed charge on Tuesday, when other joint filings were returned to plaintiff, an error which was only realized on Friday afternoon. As a result, the joint charge filed by defendants Friday evening does not include any responses or objections by plaintiff to defendants' proposals because plaintiff's counsel indicated he did not have sufficient time to review them. Defendants have no objection to the Court granting plaintiff leave to docket any objections to defendants' proposals, or to providing the Court with a single version incorporating such objections.

With regard to the joint verdict form, the defendants filed plaintiff's proposed verdict form and defendants' proposed verdict form in a single document. Because the parties fundamentally disagree on the format for the verdict form, these are essentially two distinct proposals presented in a single document. The undersigned did not send plaintiff's counsel defendants' proposed verdict form until after 7:30 p.m. on Friday due, in part, to prioritizing the other joint filings and

responding to other emails from plaintiff's counsel regarding defendants' exhibits and acceptance of subpoenas for certain nonparties. Defendants sincerely apologize again for any inconvenience to the Court and counsel.

  B. <u>Defendants' Motions in Limine</u>

Defendants also write in response to plaintiff's application, filed this morning, to strike defendants' motions *in limine*. (ECF No. 266). Plaintiff asks the Court to strike defendants' motions *in limine* on the grounds that they violate the Court's Individual Trial Rules and Procedures because defendants' brief exceeds ten pages. As an initial matter, the substance of defendants' brief is contained at pages 3 to 32 and addresses eleven separate, substantive motions. As a matter of practice and convenience, all eleven motions are addressed in one brief, rather than in eleven separate memoranda. The Court's Rule 1(b)(i) states that "[m]emoranda of law in connection with <u>a motion</u> *in* limine are limited to 10 pages." (emphasis added). Defendants' understood this limit to apply to each discrete motion, rather than impose a limit on all motions *in limine* a party might make. Defendants' brief covers 11 motions in 29 pages, inclusive of their preliminary statement and statement of the facts, falling well short of ten pages per motion.[1] These motions address relevant matters defendants believe necessary and appropriate to raise *in limine*, and could not all be fully addressed in ten pages or less. Accordingly, defendants respectfully request the Court deny plaintiff's application to strike their motions *in limine* and have no objection to plaintiff's request to file opposition of commensurate length—which they believe is in compliance with the Court's Rules.

  C. <u>Plaintiff's Request for Fees and Costs</u>

Lastly, defendants write in response to plaintiff's request for costs and fees in connection with his efforts to locate non-party Warden Sharlisa Walker (ret.) (ECF No. 258). At bottom, plaintiff cites no authority for the proposition that he is entitled to fees and costs in connection with his efforts to subpoena a non-party witness. Warden Walker is a retired member of the NYC Department of Correction ("DOC") and not a witness for the defense. As a courtesy, and as this Office regularly does in anticipation of trial, the undersigned made efforts to facilitate service of a subpoena on Warden Walker prior to plaintiff's February 18, 2025 letter.[2] Those efforts included requesting last known contact information from DOC and making efforts to contact Warden Walker directly. When possible, the goal of such efforts is to obtain a retired officer's consent to this Office accepting service of a trial subpoena to ease the burden on plaintiff and the witness.[3] The undersigned was not able to make contact with Warden Walker using the phone number obtained from DOC. In plaintiff's February 18th letter, he noted that Warden Walker is a named defendant, and represented by this Office, in two unrelated, ongoing civil matters. The

---

[1] This Office followed this approach in its first trial before Your Honor. *Marcelino Castro v. Captain Janet Smith, et al.*, No. 16 Civ. 8146 (JGLC) (ECF No. 168).

[2] Warden Walker was never identified as a witness by either party during discovery, so defendants had been under no obligation to obtain or disclose her contact information.

[3] This Office does not have direct access to pension records, as plaintiff suggests, and relies in the first instance on relevant client agencies to provide last known contact information from their files.

undersigned is not personally involved in either of those matters and had no reason to know of Warden Walker's involvement—plaintiff had not mentioned either action until they were noted in his letter to the Court. Once the undersigned received that information, we were able to locate current contact information for Warden Walker in our own files and make contact with her. Warden Walker has now consented to this Office accepting service of a trial subpoena on her behalf[4] and the parties are in the process of resolving the tendering of her travel expenses by plaintiff. Accordingly, defendants respectfully request the Court deny plaintiff's application for fees and costs in connection with locating Warden Walker.

Defendants thank the Court for its time and attention to these matters.

Respectfully submitted,

*Evan J. Gottstein*         /s/

Evan J. Gottstein
*Senior Counsel*
Special Federal Litigation Division

cc:   **BY ECF**
      *All Counsel of Record*

Parties shall file a single version of the joint charge incorporating any objections by February 27, 2025. The Court DENIES the request to strike defendants' motions *in limine* at ECF No. 266. Plaintiff may have up to 11200 words to respond, per Local Civil Rule 7.1(c). The Court will take up the issue of fees and costs in connection with locating Warden Walker at the Final Pretrial Conference. The Clerk of Court is directed to terminate ECF Nos. 258 and 266.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: February 25, 2025
       New York, New York

---

[4] Defendants have moved to preclude Warden Walker's testimony pursuant to Fed. R. Civ. P. 37 and Fed. R. Evid. 402 and 403.