UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD COLSON

       Plaintiff,

-against-

MAXSOLAINE MINGO, MUNISH CHOPRA, ENJOLI MURRIA, MARK DANIELS, WALTER ROSS, KEVIN ANDERSON, CEDRIC CARTER, ALASON HENRY, EDWIN LOPERA, and DANIEL ORTIZ,

       Defendants.

18-CV-2765 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff has submitted four motions *in limine* and Defendants have submitted eleven motions *in limine*. For the reasons stated herein, the parties' motions are GRANTED in part and DENIED in part. The Court will rule on the remaining motions *in limine* for which Court has not issued a decision herein at or immediately following the Final Pretrial Conference.

**I.  Motion *in* Limine Standard**

  A district court's inherent authority to manage the course of trials encompasses ruling on motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted). Ruling on motions *in limine* are subject to change as the trial unfolds. *Luce*, 469 U.S. at 41–42.

## II.     Plaintiff's Motions *in Limine*

### A. Evidence of Plaintiff's Convictions Other than Tampering with Evidence Conviction

Plaintiff's motion to exclude evidence of Plaintiff's prior convictions, other than the conviction for tampering with evidence, is GRANTED in part and DENIED in part. Federal Rule of Evidence 609 governs the use of prior convictions for purposes of impeachment. For purposes of attacking a witness's character for truthfulness, prior convictions are admissible if: (1) the crime "was punishable by death or by imprisonment for more than one year" or (2) "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a). Admissions are subject to Rule 403, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Where more than ten years have passed since the witness's conviction or release from confinement for it, evidence is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

The following convictions are at issue: (1) Plaintiff's 2013 convictions for assault, unlawful imprisonment, and robbery; (2) Plaintiff's 2016 convictions for murder, possession of a weapon, assault, promoting prostitution, and reckless endangerment; and (3) Plaintiff's 2002 guilty plea to possessing a forged instrument, for which he served two months' time.

Plaintiff's 2013 and 2016 convictions are excluded because, as crimes of violence, they offer little probative value for impeachment purposes. *See United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) ("[C]rimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary, or petit larceny, do not come within [the ambit of Rule 609(a)].") (cleaned up); *Rahman v. Lee*, No. 23-CV-5665 (LAP), 2024 WL 4043697, at *7 (S.D.N.Y. Sept. 4, 2024)

(citing *Hayes*). To the extent that convictions for assault, robbery, imprisonment, murder, possession of a weapon, or reckless endangerment offer any probative value, these convictions fail to pass Rule 403's balancing test. Because the jury can find for the Plaintiff even though he was convicted of these violent crimes, the fact of Plaintiff's violent convictions is unduly prejudicial. *See Dunham v. Lobello*, No. 11-CV-1223 (ALC), 2023 WL 3004623, at *5 (S.D.N.Y. Apr. 19, 2023); *Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998) (upholding the exclusion of a guilty plea when the "jury might have been tempted to find against [plaintiff] solely on the basis that he admitted guilt . . . rather than focusing on the central (and substantially separate) issue of whether the appellants' use of force was appropriate under the circumstances"). The same goes for the non-violent conviction of promoting prostitution, which neither reflects upon veracity nor any other relevant fact in this case.

      However, Plaintiff's 2002 guilty plea to possessing a forged instrument is admissible. The Second Circuit has recognized that convictions more than ten years old should be admitted "only in exceptional circumstances." *Zinman v. Black & Decker, Inc.*, 983 F.2d 431, 434 (2d Cir. 1993). Factors regarding whether such exceptional circumstances exist include "the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has mended his ways or engaged in similar conduct recently." *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (internal citations and quotation marks omitted). Here, Plaintiff's indisputably admissible 2016 conviction for evidence tampering substantially increases the probative value of the 2002 possession offense, possibly indicating a pattern of dishonesty. Plaintiff's credibility about the events that occurred here will likely be a central issue in this case. And, unlike the convictions for violent crimes, the prejudicial effect of a possession

3

conviction is lower, particularly when the jury will already be aware of Plaintiff's status as a convicted person. Accordingly, Defendant may introduce the fact of Plaintiff's 2002 possession of a forged instrument conviction. Defendant may not introduce details of that conviction, as such evidence would detract from the relevant issues in this case.

### B. Instances in Which Defendants and Witnesses Lied on Government Documents or Under Oath

Plaintiff's motion to admit evidence of untruthfulness through specific instances where Defendants or witnesses lied on government documents or under oath is GRANTED with limitations. Federal Rule of Evidence 608(b) permits Plaintiff to inquire, on cross-examination, into specific instances of a witness's conduct showing untruthfulness. Extrinsic evidence showing untruthfulness will not be admitted into the record unless they are admissible for another purpose.

### C. Reference to the Fact that Other Incarcerated Persons Did Not Testify

Plaintiff's motion to bar reference to the fact that other incarcerated persons did not testify at trial is GRANTED. Such reference would be unduly prejudicial, given that Plaintiff did not have access to the names of others on the bus and that Plaintiff's ability to prove why he lacked access is limited by the Court's ruling in Section III(G) of this Order. The jury will be instructed that while Plaintiff bears the burden of proof on all claims, he is not legally required to call all witnesses available to him.

### D. Evidence of Monitorship

The Court will rule on Plaintiff's motion on introducing evidence related to the court-appointed monitor at or immediately after the Final Pretrial Conference.

## III. Defendants' Motions *in Limine*

### A. Amending Caption, Referring to Defense Counsel as "City Attorneys," Referring to the City of New York, and Evidence of Indemnification

4

Defendants' motion to amend caption, preclude Plaintiff from referring to Defendants' counsel as "City Attorneys", and bar evidence of indemnification is GRANTED. Plaintiff does not object to these motions. Defendants' counsel shall be referred to as attorneys from the Office of the Corporation Counsel. The jury will be informed that the Corporation Counsel represents members of the DOC. *See Dunham*, 2023 WL 3004623, at *7.

Defendants' motion to bar reference to the City of New York is DENIED. The Court anticipates that it may be necessary to refer to the City of New York at various points during the trial, including with respect to admissible evidence and during voir dire. As such, Plaintiff is prohibited from unnecessarily referencing the City of New York or implying that the City is a party here, but otherwise, this issue may be raised at trial as disputes arise. *See id.*

### B. Specific Dollar Amount

Defendants' motion to preclude Plaintiff from requesting a specific dollar amount from the jury is DENIED. Although the Second Circuit disfavors specifying target amount for the jury to award, *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996), "the determination of whether to allow a plaintiff to request a specific amount of damages from the jury is within the Court's discretion*." M.C. v. Cnty. of Westchester, N.Y.*, No. 16-CV-3013 (NSR), 2022 WL 1124920, at *6 (S.D.N.Y. Apr. 13, 2022) (citing *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997)). Plaintiff will be permitted to suggest a specific dollar amount for pain and suffering. Plaintiff is required to provide the specific dollar amount to Defendants in advance of closing arguments, and may only suggest the figure to the jury in Plaintiff's closing argument. Defendants may propose to the Court a limiting instruction for the jury. *See Dunham*, 2023 WL 3004623, at *7.

## C. Evidence Regarding Dismissed or Unpled Claims

Defendants' motion to exclude evidence regarding dismissed or unpled claims is GRANTED in part and DENIED in part. Evidence pertinent solely to dismissed or unpled claims is irrelevant and inadmissible. This includes evidence related to Plaintiff's medical grievances prior to his boarding of the bus, because the conditions of confinement claim pertains to the conditions that Plaintiff suffered while detained on the bus.

However, Plaintiff may introduce evidence of his medical condition on the bus on the night of the incident for the purposes of proving harm. *See Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (holding that to establish an Eighth Amendment conditions of confinement violation, a plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health"). Likewise, Plaintiff may testify about Defendants allegedly denying him access to medication to relieve his suffering while he was the bus. *See Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2017) (noting that deprivation of medical care can be a deprivation of a basic human need). This evidence may be relevant to his claimed damages here.

## D. Evidence About Injuries Without Expert Proof of Causation

Defendants' motion to exclude evidence about injuries without expert proof of causation is DENIED. Defendants' motion is premised upon case law that excludes lay witnesses from testifying about the cause of their injuries. *See* ECF No. 265 at 9–13. Federal Rule of Evidence 701 prohibits opinion testimony by lay witnesses, or testimony based on scientific, technical, or other specialized knowledge. However, this Rule does not bar a witness from testifying about their factual experiences of their own injuries.

To be sure, causation in complex medical cases tends to require the testimony of an expert witness. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) ("Where . . . the nexus between the injury and the alleged cause would not be obvious to the lay juror, expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury.") (internal citations and quotation marks omitted). But this principle does not govern the motion for two reasons. First, Plaintiff's alleged injury from the pepper spray was not of the complex nature that must be proven by an expert. *See Ulfik v. Metro-N. Commuter R.R.*, 77 F.3d 54, 59–60 (2d Cir. 1996) (finding that a trier of fact can determine, without expert testimony, that exposure to toxic fumes would cause headache, nausea, and dizziness). He claims he experienced "multiple physical injuries, including skin conditions, migraine headaches, dizziness, and vision problems, including physical injuries that lingered" after being sprayed by Defendants. ECF No. 159 ¶ 40. Plaintiff may testify about the symptoms he experienced and when they occurred in relation to the incident.

Second, there is a distinction between what a plaintiff must prove in order to prevail on a claim and what a plaintiff may testify about. It appears that Defendants are not making a 701 argument so much as a 401 or 403 argument—that Plaintiff's testimony about his injuries are irrelevant or prejudicial in the absence of an expert that can establish a causal link. But these arguments go to the weight of the evidence, not its admissibility. *See Burns v. Griffin*, No. 16-CV-782 (VB), ECF No. 150 at 26–28:6–17 (S.D.N.Y. March 27, 2019) (permitting a plaintiff to testify regarding what his injuries were and when they happened, but not regarding opinions as to their cause, while noting that defendants' concerns about causation go to the weight rather than to the admissibility). The Court will instruct the jury regarding what must be shown for causation, and it will be up to the jury to determine if Plaintiff, absent expert testimony, has met

his burden of proof. Plaintiff is instructed that while he may testify regarding the short- and long-term injuries he suffered after the spray, he may not offer opinions regarding whether the injuries were caused by the spray.

### E. Department of Correction Policies

Defendants' motion to preclude Plaintiff from referring to or offering any evidence of Department of Correction ("DOC") policies or directives is DENIED. Defendants claim that the standards in DOC procedures are "merely guidelines established by the New York City Department of Correction and have no bearing on the constitutionality of defendants' actions" and that "any reference to alleged 'violations' of DOC policies or directives would unnecessarily confuse the jury." ECF No. 265 at 13–14.

The DOC policies are relevant to Plaintiff's claim. Although a violation of DOC policies alone does not constitute a constitutional violation—a distinction that could be made clear to the jury in an instruction—the policy may be relevant to the factors the jury must consider in evaluating Plaintiff's claim. These factors include whether Plaintiff's injuries were related to the use of chemical agents, whether Defendants' reports and representations failed to comply with the policies and directives in a way that bears on their credibility, and whether Defendants used force against Plaintiff for the purpose of maintaining or restoring order and the need for the force used. *See Romano v. Hawarth*, 998 F.2d 101, 105 (2d Cir. 1993); *see also Brown v. City of New York*, 798 F.3d 94, 101 n.11 (2d Cir. 2015) (noting that regulations have been considered relevant to constitutional rulings); *McLeod v. Llano*, No. 17-CV-6062 (ARR), 2021 WL 1669732, at *5 (E.D.N.Y. Apr. 28, 2021) (holding that the Patrol Guide was generally relevant "in determining how a reasonable NYPD officer would conduct himself under a given set of circumstances");

8

*Gogol v. City of New York*, No. 15-CV-5703 (ER), 2018 WL 4616047, at *5 (S.D.N.Y. Sept. 26, 2018) (collecting cases).

Defendants may propose to the Court a limiting instruction for the jury regarding the policies and directives.

### F. Testimony by Former ADW Sharlisa Walker

Defendants' motion to exclude testimony by former ADW Sharlisa Walker is DENIED. First, the Court is not persuaded by Defendants' procedural concerns, given that neither party served initial disclosures and Defendants were on notice of Walker's potential relevance to the litigation since last September. ECF No. 269-2. Second, Plaintiff represents that Walker's testimony goes to the credibility of other trial testimony about the incidents at issue. This is sufficient to meet the low bar for relevance. Third, to the extent that Walker's testimony is based on statements made out of court, the testimony will not be excluded under the hearsay rule unless it is being used to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Plaintiff appears to be asserting that the out of court statements that Walker will testify to are not being used to prove the truth of the matter asserted—instead, being used to show how that account contradicts other statements by officers—thus rendering the statements Walker would testify about non-hearsay. However, if this is not the case, Plaintiff is instructed to limit Walker's testimony such that Walker is not offering out of court statements for their truth unless Plaintiff can demonstrate that a hearsay exception applies. This ruling also applies to the use of exhibit PX12 and related documents.

### G. Testimony by Current and Former Defense Counsel

Defendants' motion to exclude testimony by current and former defense counsel is GRANTED. The work product privilege bars the compulsion of this testimony. *In re Grand Jury*

*Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 160 (2d Cir. 2002) ("For the attorney to be subpoenaed to testify to the observations made in the course of [litigation] preparation in order to help the putative adversary . . . would do substantial injury to the values that justify the work product doctrine.").

That said, as this Court noted in its Order at ECF No. 241, Corporation Counsel's signatures on interrogatories are binding on Defendants in this action and may be used as exhibits in this case. *See* PX49–50. With respect to representations Corporation Counsel made in other documents (PX46–48 and 51), the parties are directed to confer regarding any relevant stipulations and be prepared to provide those stipulations to the Court at the Final Pretrial Conference. This ruling does not prohibit Defendants from objecting to PX49–50 on other grounds.

### H.  Use of Physical Canisters and Riot Gear

The Court will rule on Defendants' motion to exclude use of physical canisters and riot gear at or immediately after the Final Pretrial Conference.

### I.  Evidence of Plaintiff's Prior Convictions

Defendants' motion to introduce evidence of Plaintiff's prior convictions is DENIED, except that it is GRANTED with respect to Plaintiff's evidence tampering conviction and possession of a forged instrument conviction, for the same reasons stated in Section II(A) of this Order.

### J.  Evidence of Disciplinary History and Prior Lawsuits

Defendants' motion to exclude evidence of past disciplinary history and prior lawsuits is GRANTED, subject to the exception in Section II(B) of this Order. Plaintiff appears only to object if Defendants are permitted to introduce evidence of Plaintiff's prior convictions for

violent offenses, which they are not. ECF No. 255 at 3–4; ECF No. 269 at 15. For the same reasons outlined in Section II(A) of this Order, evidence of Defendants' past disciplinary history and prior lawsuits involving use of force do not bear on their credibility and would be unduly prejudicial. That said, specific instances of conduct involving dishonesty may be admissible on cross examination under Rule 608(b).

### K.  Unrelated DOC Actions and Inflammatory Language

The Court will rule on Defendants' motion to exclude inflammatory language and references to unrelated DOC actions at or immediately after the Final Pretrial Conference.

### CONCLUSION

For the foregoing reasons, Plaintiff's motions *in limine* are GRANTED in part and DENIED in part and Defendants' motions *in limine* are GRANTED in part and DENIED in part. The Court will rule on the remaining motions *in limine* for which Court has not issued a decision herein in advance of the trial. The Clerk of Court is directed to terminate ECF Nos. 255 and 264.

Dated: March 4, 2025
       New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge