UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD COLSON

                          Plaintiff,

-against-

MAXSOLAINE MINGO, MUNISH CHOPRA, ENJOLI MURRIA, MARK DANIELS, WALTER ROSS, KEVIN ANDERSON, CEDRIC CARTER, ALASON HENRY, EDWIN LOPERA, and DANIEL ORTIZ,

                          Defendants.

18-CV-2765 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

The Court has reviewed the submissions at ECF Nos. 278, 283, 284, 285, 286, and 288, and issues the following rulings.

I. **Requests for Clarification on the Motions** *in Limine* **(ECF Nos. 278, 286)**

    A. **Plaintiff's Prior Convictions**

Defendants may not introduce evidence of the excluded convictions, including the length of their sentences, because this would be unduly prejudicial. Defendants are limited to introducing the fact of Plaintiff's 2002 guilty plea for criminal possession of a forged instrument, the fact of his 2016 conviction for tampering with evidence, and the fact that he remains incarcerated for felonies.

    B. **Defendants' Disciplinary Histories**

The Court has already ruled that Plaintiff may inquire on cross-examination of witnesses into specific instances of untruthfulness. While Plaintiff will not be permitted to explore the details of these incidents and extrinsic evidence is generally inadmissible, the Court will not limit Plaintiff as Defendants suggest. Defendants appear to seek to prevent Plaintiff from referencing

that the instances in which false information was provided involved use of force. The Court will not limit counsel in this regard.

Regarding Defendant Daniels' reporting of false information based on information he perceived to be accurate—Defendant Daniels will have an opportunity to explain what occurred during re-direct. The Court will not prohibit Plaintiff from raising the issue as long as Plaintiff has a good faith belief that the incident implicates Daniels' truthfulness.

### C. Specific Dollar Amount

Plaintiff's counsel is directed to provide notice of the specific dollar amount that will be presented to the jury by no later than 5:00 p.m. the day before closing arguments. Defendants' counsel may propose a limiting instruction.

### D. DOC Policies at Trial & Testimony of Sharlisa Walker

The Court has already ruled that DOC Directives such as the Chemical Agents Directive is admissible and has already ruled that the testimony of ADW Walker is permissible. The Court will rule on any issues with respect to the document and her testimony as it arises.

### E. Use of Interrogatory Responses

Should the interrogatories be offered at trial, Defendants may request an instruction that the responses were based on the collective knowledge of the defendants and based upon information provided by the DOC.

The Court has already ruled that the responses are admissible. To the extent Plaintiff intends to use these interrogatories in cross-examination of Defendants Lake and Chopra, the Court will determine whether the use is permissible at that time. *See Trueman v. New York State Canal Corp.*, No. 109-CV-49 (LEK) (RF), 2010 WL 681341, at *5 (N.D.N.Y. Feb. 24, 2010) (noting that "interrogatory responses may be used at trial" including when an attorney, not the

client, answers the interrogatory). However, Plaintiff is cautioned to avoid the presentation of needlessly cumulative evidence.

## II. Stipulations Regarding Discovery Representations (ECF Nos. 283, 284)

### A. Defendants provided all documents in their possession, custody, or control related to the events on August 30–31, 2016 that are at issue in this case.

The Court intends to instruct the jury, upon counsel's request, that: Both Plaintiff and Defendants were required to conduct a reasonable search and produce all documents relevant to the incident at issue. The parties should be prepared to discuss this proposed instruction on March 17, 2025, before the start of trial.

### B. The officers who relieved Officer Munish Chopra and the "unknown" escort officer were Officers Kevin Anderson and Cedric Carter.

Defendants have represented that this information shall not be disputed and that officers will "necessarily need to testify" to this fact. If officers fail to testify to this fact, the Court will invite an instruction from the parties or will determine whether to reconsider the prior decision excluding counsel's testimony.

### C. PX 46-48 and 51 are not hearsay even though they fall under Rule 801(d)(2).

The Court has difficulty conceiving of how counsel's representations made for the purposes of discovery, during the course of discovery, on the matter of requested production, fail to be statements made as an agent of Defendants. That said, if Plaintiff seeks to introduce these exhibits, the Court will address the issue at that time.

## III. Evidence of Monitoring (ECF Nos. 285, 288)

Plaintiff is limited to eliciting the fact that "personnel unaffiliated with the City government or DOC were monitoring DOC personnel, which means that reports submitted by DOC personnel were subject to review by these monitors." Parties may propose minor edits to

language pertaining to what a monitor does in regard to procedure, but they may not reference the use of excessive force or any substantive issues.

### IV.    ESU Equipment (ECF Nos. 285, 288)

Defendants are instructed to make available what they have been able to acquire. If Defendants are unable to safely bring in empty MK-3 and MK-6 canisters, Defendants are instructed to bring in photographs that accurately depicts their sizes in relation to the MK-4 and MK-9 canisters.

Captain Ross's mask will only be handled by Captain Ross.

Defendants will not be permitted to withdraw prior representations during trial. If Defendants do withdraw prior representations during trial, the Court will invite an instruction from the parties or will determine whether to reconsider the prior decision excluding counsel's testimony.

### V.    Request for Judicial Notice (ECF Nos. 285, 288)

#### A.  Objections to Requests 1–12, 21

The Court will review the sources and dictionaries that Plaintiff brings in on Monday, March 17, 2025, to confirm that the definitions are accurate. The Court will take judicial notice as these requests become relevant during trial.

#### B.  Objections to Requests 13–19

The Court will decide whether references to the Penal Code are relevant or unduly prejudicial as matters arise at trial.

#### C.  Objection to Request 20

The Court will decide whether this request is relevant or unduly prejudicial as matters arise at trial.

**VI.     Objections to Plaintiff's Exhibits (ECF No. 285)**

Defendants' reservation of objections is noted. All exhibits should be introduced with proper foundation, such as with a witness who can testify about them, unless an exception under the Federal Rules of Evidence applies.

Dated:  March 15, 2025
        New York, New York

                                            SO ORDERED.

                                            *Jessica Clarke*
                                            _____
                                            JESSICA G. L. CLARKE
                                            United States District Judge