UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON,

                              Plaintiff,

              -against-

MAXSOLAINE MINGO, MUNISH CHOPRA,
ENJOLI MURRIA, MARK DANIELS, WALTER
ROSS, KEVIN ANDERSON, CEDRIC CARTER,
ALASON HENRY, EDWIN LOPERA, and
DANIEL ORTIZ,

                              Defendants.

18-CV-2765 (JGLC)

JESSICA G. L. CLARKE, United States District Judge:

After a jury trial, the jury returned a verdict in favor of all Defendants on all claims. The

Court Exhibits from the jury trial are appended to this Order:

- Court Exhibit 1: Draft *Voir Dire* Questions

- Court Exhibit 2: Draft Preliminary Instructions

- Court Exhibit 3: Draft Preliminary Instructions PowerPoint

- Court Exhibit 4: Final *Voir Dire* Questions

- Court Exhibit 5: Final Preliminary Instructions

- Court Exhibit 6: Final Preliminary Instructions PowerPoint

- Court Exhibit 7: Stipulations

- Court Exhibit 8: Draft Jury Charge

- Court Exhibit 9: Draft Verdict Form

- Court Exhibit 10: Final Jury Charge (Unannotated)

- Court Exhibit 11: Final Jury Charge (Annotated)

- Court Exhibit 12: Final Verdict Form

- Court Exhibit 13: Jury Note of March 25, 2025 at 3:41 p.m.

- Court Exhibit 14: Completed Verdict Form


Dated: April 10, 2025
       New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

**Court Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON,

                              Plaintiff,

                    -against-

MAXSOLAINE MINGO, MUNISH CHOPRA,                    18-CV-2765 (JGLC)
ENJOLI MURRIA, MARK DANIELS, WALTER
ROSS, KEVIN ANDERSON, CEDRIC CARTER,
ALASON HENRY, EDWIN LOPERA, and
DANIEL ORTIZ,

                              Defendants.

JESSICA G. L. CLARKE, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. Do not write your name or make any other marks on the questionnaire. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

### A. General Questions

1. This trial is expected to end by next Wednesday, March 26. Do you have any commitments that would interfere with your serving as a juror at a trial?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B. Knowledge of People or Places**

7. The plaintiff in this case is Ronald Colson. Do you know, or have you had any dealings, with Mr. Colson?

8. The plaintiff will be represented at trial by attorneys Glenn Greenberg from Mound Cotton Wollin & Greengrass LLP and Ira G. Greenberg from Troutman Pepper Locke LLP? Do you know Mr. Ira Greenberg or Mr. Glenn Greenberg? Have you, or has anyone close to you, ever had dealings with either Mr. Greenberg or their law firms?

9. The defendants in this case are:

      a. Maxsolaine Mingo

      b. Munish Chopra

      c. Enjoli Murria,

      d. Mark Daniels

      e. Walter Ross

      f. Kevin Anderson

      g. Cedric Carter

      h. Alason Henry

      i. Edwin Lopera

      j. Daniel Ortiz.

Do you know, or have you had any dealings, with any of these individuals?

10. The defendant will be represented at trial by attorney Evan Gottstein from the Corporation Counsel for the City of New York. Do you know Mr. Gottstein? Have you, or has anyone close to you, ever had dealings with Mr. Gottstein or the Corporation Counsel for the City of New York?

11. Do you know me, Judge Clarke, or have you had any prior experience in a case that was before me?

12. The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

    a.  New York City Department of Correction

    b.  Rikers Island

    c.  The Anna M. Kross Center, also known as "AMKC"

    d.  The Department of Correction's Manhattan Detention Center, also known as "MDC"

    e.  Sharlisa Walker

    f.  Timothy Johnson

    g.  Michelle Gumbs-Francis

    h.  Dr. Habib Mohammad

    i.  Allyson Brown-Hanif

    j.  Corey Shoock

    k.  Edward Hubbard

    Other than what you have disclosed in response to previous questions, do you know any of these individuals or entities? Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

**C. <u>Personal Experiences and Opinions</u>**

13. Have you, or has anyone close to you, ever worked for a police department?

3

14. Have you, or has anyone close to you, ever worked in a jail, prison or correctional facility?

15. Have you, or has anyone close to you, ever worked for the City of New York or an agency of the City of New York?

16. Have you, or has anyone close to you, ever been incarcerated in a jail or a correctional facility?

17. Have you, or has anyone close to you, ever been subjected to the use of pepper spray?

18. Do you have any feelings or views about law enforcement or corrections officers that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

19. Do you have any feelings or views about people who bring lawsuits against law enforcement and/or correction officers for alleged constitutional violations that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

20. Do you have any feelings or views about law enforcement and/or correction officers who are sued for alleged constitutional violations that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

21. Do you have any feelings or views about the New York City Department of Correction or Riker's Island that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

22. Do you have any feelings or views about people who are, or have been incarcerated, that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

23. Have you ever served as a juror in a civil case in any court?

24. Have you, or anyone close to you, ever been a party to a lawsuit, either as a plaintiff or defendant?

25. Do you have any strong views about lawsuits that you think may affect your ability to be impartial in this case?

26. Are you unable to be fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, mental or physical disabilities or age?

**D.  <u>Difficulties in Understanding or Serving</u>**

27. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

28. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

29. Do you have any difficulty in reading or understanding English?

30. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

## Questions for Individual Jurors

1. Please state your name, your county of residence, your borough if you live in one and your neighborhood. Have you lived in this county for more than five (5) years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5. Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position? If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work? If any are college students, what is their field of study?

**Court Exhibit 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON,

Plaintiff,

-against-

MAXSOLAINE MINGO, MUNISH CHOPRA,
ENJOLI MURRIA, MARK DANIELS, WALTER
ROSS, KEVIN ANDERSON, CEDRIC CARTER,
ALASON HENRY, EDWIN LOPERA, and
DANIEL ORTIZ,

Defendants.

18-CV-2765 (JGLC)

**PRELIMINARY
JURY INSTRUCTIONS**

JESSICA G. L. CLARKE, United States District Judge:

I.    **DUTY OF THE JURY**

Now that you have been sworn, let me give you some instructions about your duties as jurors and give you instructions that will help you understand what will be presented during trial. At the end of the trial, I will give you instructions again, and those instructions will control your deliberations.

At the end of the presentation of the evidence and after my final charge to you, it will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are and then apply those facts to the law, which I will give to you. That is how you will reach your verdict.

My duty is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. On these legal issues, you must take the law as I give it to you, whether you agree with it or not. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

You must not take anything I may say or do during the trial as indicating what your verdict should be. I will not express or imply any opinions about which witnesses you should believe, what facts are established or what inferences should be drawn from the evidence.

You are the sole judges of all the questions of fact submitted to you. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

## II.    EVIDENCE IN THIS CASE

You will decide what the facts are from the evidence that will be presented in court. That evidence will consist of the testimony of witnesses; documents and other things received into evidence as exhibits; and any facts that that the lawyers agree to or admit, or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none; it is up to you to decide how much weight, if any, to give to any evidence.

There is no formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of the case. Right now, I will just say that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness. As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different. In other words, there may be another side to any witness's story. You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

During the trial, I may sustain objections to questions asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it and dismiss it from your minds. In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

You should not show any bias against an attorney or the attorney's client because the attorney objected to the admissibility of evidence or asked the Court for a ruling on the law.

## III.    WHAT IS NOT EVIDENCE

You should also understand what is not evidence. What the attorneys say in their opening statements, closing arguments, objections or questions is not evidence. Neither is the testimony that I instruct you to disregard. Moreover, anything that I say is not evidence.

The only oral testimony that is evidence comes from the witnesses. What the lawyers say in their arguments to you is not evidence. Their arguments are commentary to help you understand the evidence. For example, in opening statements, the lawyers will tell you what they

expect the evidence to show, but what they say is not evidence, and it is only what is actually introduced into evidence that you may consider in reaching your verdict. If, in the course of your deliberations, your recollection of the facts differs from the lawyers' arguments, it is your recollection that controls.

## IV.    TIME LIMIT

I have imposed time limits on the parties to try their case. Each side has a fixed amount of time for argument and for witness testimony.

## V.    BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Please remember, this is a civil case. Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, and you should put it entirely out of your mind. In civil cases, the burden is different, and it is called proof by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. To prove something by a preponderance of the evidence means to prove that a fact is more likely true than not true. I will instruct you fully on the burden of proof at the conclusion of the trial.

## VI.    MULTIPLE CLAIMS AND MULTIPLE PARTIES

This claim has multiple defendants, as well as multiple claims. You must consider each claim separately, and you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

## VII.    SUMMARY OF THE PARTIES' CLAIMS

The plaintiff in this case is Ronald Colson. The defendants are Warden Maxsolaine Mingo, Assistant Deputy Warden Enjoli Murria, Captain Mark Daniels, Captain Walter Ross,

and Correctional Officers Munish Chopra, Kevin Anderson, Cedric Carter, Alason Henry, Edwin

Lopera, and Daniel Ortiz.

On the evening of August 30, 2016, Plaintiff was in the custody of the New York City

Department of Corrections, known as DOC. That night, Plaintiff was one of several incarcerated

individuals who were transported on a bus from the Manhattan Detention Center to a different

DOC facility on Rikers Island. Because the Rikers Island facility would not admit the

incarcerated people on that bus, Plaintiff and the other passengers had to spend the night on the

bus. Plaintiff alleges that during this overnight stay, he was denied food, water, medication, and

proper hygiene. Defendants deny these allegations and assert that none of the Defendants

prevented Plaintiff from leaving the bus.

Plaintiff also alleges that on the next morning, while still being detained on the bus, some

Defendants boarded the bus and sprayed him with pepper spray. Plaintiff alleges that this use of

force was excessive because he was not resisting. Defendants deny these allegations and assert

that Defendants used reasonable force because inmates on the bus had become violent.

## Substantive Jury Instructions

### VIII.  INTRODUCTION

I'm now going to tell you about some of the law that you will have to apply to the facts as

you find them. These are only preliminary and summary instructions. They are to help you

evaluate the evidence in light of what you will be asked to do after you have heard all the

evidence. The final instructions that I give you at the end of the trial will contain more detail

about the applicable law. To the extent that that there are any differences between these

preliminary instructions and the final instructions at the end of trial, the final instructions will be

controlling, meaning that those final instructions are the ones you must follow in your deliberations.

## IX.    SUBSTANTIVE LAW

Plaintiff brings his claims under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Plaintiff brings two claims. First, for unconstitutional conditions of confinement. Second, for excessive use of force.

### A.  Conditions of Confinement

First, to establish a conditions of confinement claim in violation of the Eighth Amendment, Plaintiff must prove each of the following things by a preponderance of evidence:

1) The conditions on the bus were sufficiently serious that Plaintiff was denied the minimal civilized measure of life's necessities; and

2) The defendant you are considering acted with deliberate indifference.[1]

### B.  Excessive Force Claim

Second, to establish an excessive force claim in violation of the Eighth Amendment, Plaintiff must prove each of the following things by a preponderance of evidence:

3) The Defendant you are considering intentionally used force on Plaintiff;

4) The Defendant did so maliciously, for the purpose of harming him, and not in a good faith effort to maintain or restore security or discipline; and

5) The Defendant's conduct caused harm to Plaintiff.[2]

---

[1] *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).
[2] Fed. Civ. Jury Instr. 7th Cir. 7.18 (2021); *see also Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016); *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003); *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992).

### C.  Damages

If, and only if, Plaintiff has proved all of the elements of his claim, then you must determine the amount of money, if any, to award Plaintiff. I will instruct you further on the issue of damages at the end of the trial.

**<u>Conduct of the Jury and Outline of the Trial</u>**

### X.    INSTRUCTIONS ON NOTETAKING

Each of you has been provided a notebook and pen. You do not have to take notes, but you may if you wish. Please be sure though that any notetaking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, you must not show them to, or discuss them with, any other juror or anyone else at any time, either before or during your deliberations. Any notes you take are to be used solely to assist you, and your notes are not to substitute for your recollection of the evidence. The fact that a particular juror takes notes entitles that juror's views to no greater weight than those of any other juror. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript that is being made of these proceedings be read to you.

Ms. Tran, my Courtroom Deputy, will safeguard your notebooks during breaks at the end of each day and secure them. No one is permitted to review your notes. After the trial has concluded, the notebooks and your notes will be collected and destroyed. If you do plan to take notes, please write your juror number and name and initials on the cover so you will know the notebook is yours.

### XI.    General Instructions

I should also caution you about certain principles governing your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. No communicating about the case means absolutely no communicating about the case on Facebook, Twitter, blogs, social media or anywhere online. Do not comment on social media about this case or the fact that you are a juror; do not update your status on any website to reflect that you are a juror.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately through Ms. Tran, my Courtroom Deputy. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel is necessary to bring to the attention of the Court.

Fourth, do not converse, whether in or out of the courtroom, with any of the parties or the attorneys or any witness. By this I mean, not only do not converse about the case, but do not converse at all, even to ask the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. I have instructed the lawyers and the parties that they are not to speak to you or even acknowledge you with a "hello" or "good morning" outside the courtroom. So, do not hold it against them if they ignore you or leave an area that you are in. They are simply following my instructions. The reason for this rule is simple. Someone watching from a distance might not hear what is said between an attorney and a juror, and even a pleasantry could create a misimpression.

To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Sixth, do not do any research or any investigation about the case on your own. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case and the parties involved in the case. In other words, you should not consult dictionaries or reference materials; search the Internet, websites or blogs; or use any other electronic tools to obtain information about this case or to help you decide the case. Do not visit any place you may hear described during the trial. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case has ended.

The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom. Obviously, speaking to others about this case, including your family, before you deliberate or exposing

yourself to evidence outside the courtroom would compromise your service and fairness to the parties.

Finally, I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

## XII.    OUTLINE OF TRIAL

I would like to summarize the stages of the trial for you.

First, each side may, but doesn't have to, make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, and it is offered to help you follow the evidence.

Next, you will hear from witnesses. Both parties question each witness. Many of the witnesses are being called by both parties, so you should not attach any significance to the order in which they are called. You may consider the relevant testimony of all witnesses, regardless of who may have called them.

After all the witnesses have testified, I will again give you instructions on the law. The parties will then make their closing arguments to summarize and give you their interpretation of the evidence. Like opening statements, the closing arguments are not evidence. After the closing arguments, you will retire to deliberate on your verdict.

Please do not make up your mind about what the verdict should be until the very end of the trial – after I have instructed you on the law at the end of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence. Keep an open mind until then. The parties deserve, and the law requires, that you give them an opportunity to be fully heard.

## XIII.    CONDUCT OF THE TRIAL

**Court Exhibit 2**

In general, you should arrive at the courthouse by 9:30 so that you are in the jury room by 9:45. This will allow you time to get through security. We will sit from 10:00 a.m. – 4:30 p.m. each day until we are finished. There will be a one-hour lunch break around 12:30 p.m. and two 5-10 minute breaks in the morning and two in the afternoon. On Wednesday, we will have a slightly different schedule. Instead of having the lunch break at 12:30, we will break from 11:25 to 12:30. I expect the trial will end by the end of the week, hopefully sooner. Please plan accordingly. Please be here early if possible, and always be on time.

# RONALD COLSON

# v.

# MAXSOLAINE MINGO, et al.

18-CV-2765

United States District Court for the Southern District of New York

March 17, 2025

**Court Exhibit 3**

# Plaintiff's Claims

- Unconstitutional conditions of confinement in violation of the Eighth Amendment

- Use of excessive force in violation of the Eighth Amendment

# Elements of Unconstitutional Conditions

1. The conditions on the bus were sufficiently serious that Plaintiff was denied the minimal civilized measure of life's necessities; and

2. Defendant acted with deliberate indifference

# Elements of Excessive Force

1. Defendant intentionally used force on Plaintiff;

2. Defendant did so maliciously, for the purpose of harming him, and not in a good faith effort to maintain or restore security or discipline; and

3. Defendant's conduct caused harm to Plaintiff.

**Court Exhibit 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON,

                    Plaintiff,

          -against-

MAXSOLAINE MINGO, MUNISH CHOPRA,                    18-CV-2765 (JGLC)
ENJOLI MURRIA, MARK DANIELS, WALTER
ROSS, KEVIN ANDERSON, CEDRIC CARTER,
ALASON HENRY, EDWIN LOPERA, and
DANIEL ORTIZ,

                    Defendants.

JESSICA G. L. CLARKE, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. Do not write your name or make any other marks on the questionnaire. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

### A. General Questions

1. This trial is expected to end by next Wednesday, March 26. Do you have any commitments that would interfere with your serving as a juror at a trial?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

7. Do you any have moral or ethical constraints in awarding damages or punitive damages?

**B. Knowledge of People or Places**

8. The plaintiff in this case is Ronald Colson. Do you know, or have you had any dealings, with Mr. Colson?

9. The plaintiff will be represented at trial by attorneys Glenn Greenberg from Mound Cotton Wollin & Greengrass LLP and Ira G. Greenberg from Troutman Pepper Locke LLP? Do you know Mr. Ira Greenberg or Mr. Glenn Greenberg? Have you, or has anyone close to you, ever had dealings with either Mr. Greenberg or their law firms?

10. The defendants in this case are:

    a. Maxsolaine Mingo

    b. Munish Chopra

    c. Enjoli Murria

    d. Mark Daniels

    e. Walter Ross

    f. Kevin Anderson

    g. Cedric Carter

    h. Alason Henry

    i. Edwin Lopera

    j. Daniel Ortiz.

Do you know, or have you had any dealings, with any of these individuals?

11. The defendant will be represented at trial by attorneys Evan Gottstein and Jeffrey Noll, Jr., from the Corporation Counsel for the City of New York. Do you know Mr. Gottstein or Mr. Noll? Have you, or has anyone close to you, ever had dealings with Mr. Gottstein, Mr. Noll, or the Corporation Counsel for the City of New York?

12. Do you know me, Judge Clarke, or have you had any prior experience in a case that was before me?

13. The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

       a. New York City Department of Correction

       b. Rikers Island

       c. The Anna M. Kross Center, also known as "AMKC"

       d. The Department of Correction's Manhattan Detention Center, also known as "MDC"

       e. Sharlisa Walker

       f. Timothy Johnson

       g. Michelle Gumbs-Francis

       h. Dr. Habib Mohammad

       i. Allyson Brown-Hanif

       j. Corey Shoock

       k. Edward Hubbard

Other than what you have disclosed in response to previous questions, do you know any of these individuals or entities? Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

**Court Exhibit 4**

C. **Personal Experiences and Opinions**

14. Have you, or has anyone close to you, ever worked in law enforcement?

15. Have you, or has anyone close to you, ever worked in a jail, prison or correctional facility?

16. Have you, or has anyone close to you, ever worked for the City of New York or an agency of the City of New York?

17. Have you, or has anyone close to you, ever been incarcerated in a jail or a correctional facility?

18. Have you, or has anyone close to you, ever been subjected to the use of pepper spray?

19. Do you have any feelings or views about law enforcement or corrections officers that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

20. Do you have any feelings or views about people who bring lawsuits against law enforcement and/or correction officers for alleged constitutional violations that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

21. Do you have any feelings or views about law enforcement and/or correction officers who are sued for alleged constitutional violations that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

22. Do you have any feelings or views about the New York City Department of Correction or Riker's Island that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

23. Do you have any feelings or views about people who are, or have been incarcerated, that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

24. Have you ever served as a juror in a civil case in any court?

25. Have you, or anyone close to you, ever been a party to a lawsuit, either as a plaintiff or defendant?

26. Do you have any strong views about lawsuits that you think may affect your ability to be impartial in this case?

27. Are you unable to be fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, mental or physical disabilities or age?

**D.  Difficulties in Understanding or Serving**

28. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

29. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

30. Do you have any difficulty in reading or understanding English?

31. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 4**

### Questions for Individual Jurors

1. Please state your name, your county of residence, your borough if you live in one and your neighborhood. Have you lived in this county for more than five (5) years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5. Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position? If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work? If any are college students, what is their field of study?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON,

                Plaintiff,

        -against-

MAXSOLAINE MINGO, MUNISH CHOPRA,
ENJOLI MURRIA, MARK DANIELS, WALTER
ROSS, KEVIN ANDERSON, CEDRIC CARTER,
ALASON HENRY, EDWIN LOPERA, and
DANIEL ORTIZ,

                Defendants.

18-CV-2765 (JGLC)

**PRELIMINARY**
**JURY INSTRUCTIONS**

JESSICA G. L. CLARKE, United States District Judge:

I.     **DUTY OF THE JURY**

Now that you have been sworn, let me give you some instructions about your duties as jurors and give you instructions that will help you understand what will be presented during trial. At the end of the trial, I will give you instructions again, and those instructions will control your deliberations.

At the end of the presentation of the evidence and after my final charge to you, it will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are and then apply those facts to the law, which I will give to you. That is how you will reach your verdict.

My duty is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. On these legal issues, you must take the law as I give it to you, whether you agree with it or not. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

You must not take anything I may say or do during the trial as indicating what your verdict should be. I will not express or imply any opinions about which witnesses you should believe, what facts are established or what inferences should be drawn from the evidence.

You are the sole judges of all the questions of fact submitted to you. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

## II.    EVIDENCE IN THIS CASE

You will decide what the facts are from the evidence that will be presented in court. That evidence will consist of the testimony of witnesses; documents and other things received into evidence as exhibits; and any facts that that the lawyers agree to or admit, or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none; it is up to you to decide how much weight, if any, to give to any evidence.

There is no formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of the case. Right now, I will just say that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness. As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different. In other words, there may be another side to any witness's story. You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

During the trial, I may sustain objections to questions asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it and dismiss it from your minds. In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

You should not show any bias against an attorney or the attorney's client because the attorney objected to the admissibility of evidence or asked the Court for a ruling on the law.

## III.    WHAT IS NOT EVIDENCE

You should also understand what is not evidence. What the attorneys say in their opening statements, closing arguments, objections or questions is not evidence. Neither is the testimony that I instruct you to disregard. Moreover, anything that I say is not evidence.

The only oral testimony that is evidence comes from the witnesses. What the lawyers say in their arguments to you is not evidence. Their arguments are commentary to help you understand the evidence. For example, in opening statements, the lawyers will tell you what they

expect the evidence to show, but what they say is not evidence, and it is only what is actually introduced into evidence that you may consider in reaching your verdict. If, in the course of your deliberations, your recollection of the facts differs from the lawyers' arguments, it is your recollection that controls.

### IV.    TIME LIMIT

I have imposed time limits on the parties to try their case. Each side has a fixed amount of time for argument and for witness testimony.

### V.    BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Please remember, this is a civil case. Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, and you should put it entirely out of your mind. In civil cases, the burden is different, and it is called proof by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. To prove something by a preponderance of the evidence means to prove that a fact is more likely true than not true. I will instruct you fully on the burden of proof at the conclusion of the trial.

### VI.    MULTIPLE CLAIMS AND MULTIPLE PARTIES

This claim has multiple defendants, as well as multiple claims. You must consider each claim separately, and you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

### VII.    SUMMARY OF THE PARTIES' CLAIMS

The plaintiff in this case is Ronald Colson. The defendants are Warden Maxsolaine Mingo, Assistant Deputy Warden Enjoli Murria, Captain Mark Daniels, Captain Walter Ross,

and Correctional Officers Munish Chopra, Kevin Anderson, Cedric Carter, Alason Henry, Edwin Lopera, and Daniel Ortiz.

On the evening of August 30, 2016, Plaintiff was in the custody of the New York City Department of Corrections, known as DOC. That night, Plaintiff was one of several incarcerated individuals who were transported on a bus from the Manhattan Detention Center to a different DOC facility on Rikers Island. Plaintiff alleges that because the Rikers Island facility would not admit the incarcerated people on that bus, Plaintiff and the other passengers had to spend the night on the bus. Plaintiff alleges that during this overnight stay, he was denied food, water, medication, sanitation, and proper hygiene. Defendants deny these allegations and assert that none of the Defendants prevented Plaintiff from leaving the bus.

Plaintiff also alleges that on the next morning, while still being detained on the bus, some Defendants boarded the bus and sprayed him with pepper spray. Plaintiff alleges that this use of force was unreasonable. Defendants deny these allegations and assert that Defendants used force that was objectively reasonable under the circumstances.

<u>**Substantive Jury Instructions**</u>

## VIII.   INTRODUCTION

I'm now going to tell you about some of the law that you will have to apply to the facts as you find them. These are only preliminary and summary instructions. They are to help you evaluate the evidence in light of what you will be asked to do after you have heard all the evidence. The final instructions that I give you at the end of the trial will contain more detail about the applicable law. To the extent that that there are any differences between these preliminary instructions and the final instructions at the end of trial, the final instructions will be

controlling, meaning that those final instructions are the ones you must follow in your deliberations.

## IX.    SUBSTANTIVE LAW

Plaintiff brings his claims under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Plaintiff brings two claims. First, for unconstitutional conditions of confinement. Second, for excessive use of force.

### A.  Conditions of Confinement

First, to establish a conditions of confinement claim in violation of the Eighth Amendment, Plaintiff must prove each of the following things by a preponderance of evidence:

1) The conditions on the bus were sufficiently serious that Plaintiff was denied the minimal civilized measure of life's necessities; and

2) The defendant you are considering acted with deliberate indifference.[1]

### B.  Excessive Force Claim

Second, to establish an excessive force claim in violation of the Eighth Amendment, Plaintiff must prove each of the following things by a preponderance of evidence:

1) The Defendant you are considering used force on Plaintiff;

2) The Defendant did so either not in a good faith effort to maintain or restore security or discipline, or Defendant did so maliciously to harm him; and

3) The Defendant's conduct caused harm to Plaintiff.[2]

---

[1] *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).
[2] Fed. Civ. Jury Instr. 7th Cir. 7.18 (2021); *see also Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016); *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003); *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999).

Plaintiff can also prove that a Defendant violated his right against the use of excessive force by proving that a Defendant failed to reasonably intervene to prevent another person from using excessive force.

### C.  Damages

If, and only if, Plaintiff has proved all of the elements of his claim, then you must determine the amount of money, if any, to award Plaintiff. I will instruct you further on the issue of damages at the end of the trial.

### Conduct of the Jury and Outline of the Trial

### X.    INSTRUCTIONS ON NOTETAKING

Each of you has been provided a notebook and pen. You do not have to take notes, but you may if you wish. Please be sure though that any notetaking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, you must not show them to, or discuss them with, any other juror or anyone else at any time, either before or during your deliberations. Any notes you take are to be used solely to assist you, and your notes are not to substitute for your recollection of the evidence. The fact that a particular juror takes notes entitles that juror's views to no greater weight than those of any other juror. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript that is being made of these proceedings be read to you.

Ms. Tran, my Courtroom Deputy, will safeguard your notebooks during breaks at the end of each day and secure them. No one is permitted to review your notes. After the trial has concluded, the notebooks and your notes will be collected and destroyed. If you do plan to take notes, please write your juror number and name and initials on the cover so you will know the notebook is yours.

## XI.    General Instructions

I should also caution you about certain principles governing your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. No communicating about the case means absolutely no communicating about the case on Facebook, Twitter, blogs, on social media or anywhere online. Do not comment on social media about this case or the fact that you are a juror; do not update your status on any website to reflect that you are a juror.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately through Ms. Tran, my Courtroom Deputy. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel is necessary to bring to the attention of the Court.

Fourth, do not converse, whether in or out of the courtroom, with any of the parties or the attorneys or any witness. By this I mean, not only do not converse about the case, but do not converse at all, even to ask the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. I have instructed the lawyers and the parties that they are not to speak to you or even acknowledge you with a "hello" or "good morning" outside the courtroom. So, do not hold it against them if they ignore you or leave an area that you are in. They are simply following my instructions. The reason for this rule

is simple. Someone watching from a distance might not hear what is said between an attorney and a juror, and even a pleasantry could create a misimpression.

To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Sixth, do not do any research or any investigation about the case on your own. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case and the parties involved in the case. In other words, you should not consult dictionaries or reference materials; search the Internet, websites or blogs; or use any other electronic tools to obtain information about this case or to help you decide the case. Do not visit any place you may hear described during the trial. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case has ended.

The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom. Obviously, speaking to others about this case, including your family, before you deliberate or exposing yourself to evidence outside the courtroom would compromise your service and fairness to the parties.

Finally, I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

### XII.    OUTLINE OF TRIAL

I would like to summarize the stages of the trial for you.

First, each side may, but doesn't have to, make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, and it is offered to help you follow the evidence.

Next, you will hear from witnesses. Both parties question each witness. Many of the witnesses are being called by both parties, so you should not attach any significance to the order in which they are called. You may consider the relevant testimony of all witnesses, regardless of who may have called them.

After all the witnesses have testified, I will again give you instructions on the law. The parties will then make their closing arguments to summarize and give you their interpretation of the evidence. Like opening statements, the closing arguments are not evidence. After the closing arguments, you will retire to deliberate on your verdict.

Please do not make up your mind about what the verdict should be until the very end of the trial – after I have instructed you on the law at the end of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence. Keep an open mind until

then. The parties deserve, and the law requires, that you give them an opportunity to be fully heard.

### XIII.   CONDUCT OF THE TRIAL

In general, you should arrive at the courthouse by 9:30 so that you are in the jury room by 9:45. This will allow you time to get through security. We will sit from 10:00 a.m. – 4:30 p.m. each day until we are finished. There will be a one-hour lunch break around 12:30 p.m. and two 5-10 minute breaks in the morning and two in the afternoon. On Wednesday, we will have a slightly different schedule. Instead of having the lunch break at 12:30, we will break from 11:25 to 12:30. I expect the trial will end by Wednesday of next week, hopefully sooner. Please plan accordingly. Please be here early if possible, and always be on time.

# RONALD COLSON

# v.

# MAXSOLAINE MINGO, et al.

18-CV-2765

United States District Court for the Southern District of New York

March 17, 2025

**Court Exhibit 6**

# Plaintiff's Claims

• Unconstitutional conditions of confinement in violation of the Eighth Amendment

• Use of excessive force in violation of the Eighth Amendment

# Elements of Unconstitutional Conditions

1. The conditions on the bus were sufficiently serious that Plaintiff was denied the minimal civilized measure of life's necessities; and

2. Defendant acted with deliberate indifference

# Elements of Excessive Force

1. Defendant used force on Plaintiff;

2. Defendant did so either:
   a) not in a good faith effort to maintain or restore security or discipline, or
   b) maliciously to cause harm; and

3. Defendant's conduct caused harm to Plaintiff.

OR: Defendant failed to reasonably intervene in the use of excessive force.

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON,

                   Plaintiff,

           -against-

MAXSOLAINE MINGO, MUNISH CHOPRA,
ENJOLI MURRIA, MARK DANIELS, WALTER
ROSS, KEVIN ANDERSON, CEDRIC CARTER,
ALASON HENRY, EDWIN LOPERA, and
DANIEL ORTIZ,

                  Defendants.

18-CV-2765 (JGLC)

## STIPULATIONS

1. No OD/FM26 form related to this incident was located.

2. Neither party was able to identify the escort officer who accompanied Officer Chopra on the transfer bus on August 30–31, 2016.

3. PX 5, 6, 15, and 29 were in effect on August 30, 2016 and August 31, 2016.

4. On August 30–31, 2016, there were no operations orders in effect specific only to the Emergency Services Unit ("ESU"). All operations orders applied department-wide, including to members of ESU.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD COLSON

                    Plaintiff,

          -against-

MAXSOLAINE MINGO, MUNISH
CHOPRA, ENJOLI MURRIA, MARK
DANIELS, WALTER ROSS, KEVIN
ANDERSON, CEDRIC CARTER, ALASON
HENRY, EDWIN LOPERA, and DANIEL
ORTIZ,

                    Defendants.

              18-CV-2765 (JGLC)

---

JESSICA G. L. CLARKE, United States District Judge:


**<u>FINAL JURY INSTRUCTIONS</u>**

## Table of Contents

I.  General Instructions .......................................................................................................... 3
   A.  Introduction to Instructions .......................................................................................... 3
   B.  Roles of the Judge and Jury ......................................................................................... 4
   C.  Role of Counsel ............................................................................................................ 5
   D.  Impartiality .................................................................................................................. 6
   E.  What Is and Is Not Evidence ........................................................................................ 7
   F.  Direct and Circumstantial Evidence ............................................................................ 9
   G.  Credibility of Witnesses ............................................................................................ 11
   H.  Stipulations ................................................................................................................ 13
   I.  Burden of Proof ......................................................................................................... 14
   J.  Available Evidence .................................................................................................... 16
   K.  Multiple Claims and Multiple Parties ....................................................................... 17
II.  Substantive Instructions ................................................................................................. 18
   A.  Overview .................................................................................................................... 18
   B.  Section 1983 ............................................................................................................... 19
   C.  Substantive Law – Conditions of Confinement ......................................................... 20
      1.  Sufficiently Serious Deprivation ......................................................................... 20
      2.  Deliberate Indifference ........................................................................................ 21
   D.  Substantive Law - Excessive Force ........................................................................... 23
      1.  Use of Force ......................................................................................................... 23
      2.  Unreasonable Force ............................................................................................. 23
      3.  Harm ..................................................................................................................... 24
      4.  Failure to Intervene ............................................................................................. 25
      5.  Supervisory Liability ........................................................................................... 26
   E.  Relevance of Directives ............................................................................................. 27
   F.  Proximate Cause ........................................................................................................ 28
   G.  Spoliation ................................................................................................................... 29
   H.  Damages ..................................................................................................................... 30
      1.  Compensatory Damages ...................................................................................... 31
      2.  Nominal Damages ............................................................................................... 33
      3.  Punitive Damages ................................................................................................ 34
   I.  Closing Arguments .................................................................................................... 35
III.  Deliberations of the Jury ............................................................................................... 36
   A.  Right To See Exhibits and Hear Testimony; Communications with Court ................. 36
   B.  Notes .......................................................................................................................... 37
   C.  Duty to Deliberate/Unanimous Verdict ..................................................................... 38
   D.  Selection of Foreperson ............................................................................................. 39
   E.  Return of Verdict ....................................................................................................... 40
   F.  Closing Comment ...................................................................................................... 41

**COURT EXHIBIT 8**

I.    **General Instructions**

A.  **Introduction to Instructions**

Members of the jury, you have now heard all of the evidence in the case. You are about to hear the final arguments of the parties and then you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### B.  Roles of the Judge and Jury

It is a tradition and right of our legal system that parties involved in legal disputes have a jury, chosen from the members of their community, render a verdict. Your role, as the jury, is to decide the factual issues in the case. I, as the judge, will instruct you on the law, and you must accept the law as I state it to you. Then, you will apply that law to the facts as you find them. The result of your work will be the verdict that you return.

You, as jurors, are the sole and exclusive arbiters of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony. In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. I will instruct you momentarily on what is and is not evidence.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views on what your decision should be. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case. My role, as the judge, is to instruct you on the law that you are to apply to the facts as you find them. You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. Also, if anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

### C. Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients. From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### D.  Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. The testimony of law enforcement officials is not to be given greater or lesser weight. Likewise, the testimony of incarcerated people is not to be given greater or lesser weight. The evidence of convictions may only be considered with respect to witness credibility. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### E.  What Is and Is Not Evidence

Evidence consists of the testimony of the witnesses, the exhibits that have been received into evidence, stipulations, and judicially noticed facts. The stipulation contains facts that the parties have agreed on, and you are to take these facts as true. By contrast, what counsel have said in their opening statements, questions and objections, as well as what they may say in their closing arguments, is not evidence. Also, anything that I have said or may say about the facts, as well as anything you have heard outside the courtroom is not evidence.

You should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. At times, a questioner may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it simply because it was contained in a question. You also may not consider any answer that I directed you to disregard or that I directed be stricken from the record.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. If a demonstrative aid misstates the underlying evidence, it is the underlying evidence that you must consider. Materials used only to refresh a witness's recollection also are not evidence. Arguments made by the attorneys are not evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

During the trial, I have been called upon to make various rulings. There may have been objections, or motions may have been made to strike answers. You are to disregard these

**COURT EXHIBIT 8**

procedural matters; they are matters of law, and although you may have been curious about them, you should not consider them.

Also, the fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Lastly, anything that you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence that is presented to you in this courtroom.

### F. Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict – direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses – something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom windows were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience and common sense, the existence or non-existence of some other fact. An inference is not a speculation, suspicion or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

**COURT EXHIBIT 8**

There are times when different inferences may be drawn from the same proven facts. Here, the one side asks you to draw one set of inferences, while the other side asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### G.  Credibility of Witnesses

You have now had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. How do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

One thing you should consider is any bias, hostility or affection that a witness may have shown for or against a party. It is your duty to consider whether the witness has permitted any such bias to color his or her testimony. If you find that a witness is biased, then you should view the witness's testimony with caution, weigh it with care and subject it to close and searching scrutiny.

You should also consider any other interest or motive that the witness may have in cooperating with a particular party, as well as any interest the witness may have in the outcome of the case. Interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, you should accept the testimony of an interested witness with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Additional factors you should consider are: the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; the reasonableness of the witness's testimony; and the testimony's consistency or lack of consistency with other credible testimony.

**COURT EXHIBIT 8**

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

If you find that any witness has willfully testified falsely to any material fact (that is, to an important matter), then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

While it is quite legitimate for an attorney to try to attack the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept and what weight you will give to that testimony.

### H.  Stipulations

Throughout this trial, I read to you the stipulations between the parties. I will remind you now that a stipulation of facts is an agreement among the parties that certain facts are true. You must regard such agreed facts in the stipulation as true.

## I.  Burden of Proof

I am now going to explain the concept of "burden of proof." This is a civil case, so the burden of proof is proof by a "preponderance of the evidence."

The party with the burden of proof on any given issue has the burden of proving to you every disputed element of that party's claim by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence, which refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you should consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, meaning it is as equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof. That is because the party with the burden of proof must prove more than simple equality of evidence. On the other hand, the party with the burden of proof does not need to prove any more than a preponderance of the evidence. This means that as long as you find on a given issue that the scales tip, however slightly, in favor of the party with the burden of proof, then you must find for that party on that issue, as that issue will have been proved by a preponderance of the evidence.

**COURT EXHIBIT 8**

Once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it completely out of your mind.

### J. Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. I instruct you that you are not to speculate as to what those witnesses would have testified to had they been called.

### K.  Multiple Claims and Multiple Parties

This claim has multiple defendants, as well as multiple claims. You must consider each claim separately, and you must consider the evidence against each defendant separately. Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against any other defendant.

II.        **Substantive Instructions**

A.  **Overview**

I'm now going to tell you about the law that you will have to apply to the facts as you find them. They are to help you evaluate the evidence in light of what you are asked to do now that you have heard all the evidence. To the extent that there are any differences between the preliminary instructions that I gave you at the beginning of trial and these final instructions, the final instructions are the ones you must follow in your deliberations.

You have also been provided with a verdict form that you will fill out during your deliberations. On the form, there are spaces to indicate your verdict on Plaintiff's claims against each defendant. You should proceed through the questions in the order in which they are listed. The verdict form contains 4 questions. You may not have to answer all of them. The instructions I am about to give you will guide you on when and how to answer each question.

**B.  Section 1983**

Plaintiff brings his claim under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Plaintiff brings two Section 1983 claims in violation of Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. The first claim is for unconstitutional conditions of confinement. The second claim is for the use of excessive force. I will now explain what Plaintiff must prove for each of these claims.

### C.  Substantive Law – Conditions of Confinement

Plaintiff claims that the conditions on the bus on the night of August 30, 2016 to the morning of August 31, 2016 violated his Eighth Amendment rights because he was not provided adequate food, clothing, shelter, sanitation, medical care, or personal safety. He has sued the following defendants for depriving him of those rights: Munish Chopra, Enjoli Lake, Kevin Anderson, and Cedric Carter. Remember that you are to consider each defendants' liability separately, and to not let your finding against one defendant prejudice you against another.

In order to prevail on a Section 1983 claim for unconstitutional conditions of confinement under the Eighth Amendment, Plaintiff must prove two things: First, that he suffered an objectively and sufficiently serious deprivation. Second, that the defendant you are considering acted with deliberate indifference. Let me go through each element.

### 1.  Sufficiently Serious Deprivation

First, Plaintiff must prove that the deprivation he suffered was objectively and sufficiently serious—or in other words, that the conditions of his confinement on the bus resulted in the denial of the minimal measure of life's necessities.[1]

To be an objectively and sufficiently serious deprivation, it is not enough that the conditions were restrictive or harsh. That is because the Eighth Amendment's prohibition against cruel and unusual punishment does not mandate comfortable prisons. But the Eighth Amendment does require that the conditions of a person's confinement must be at least humane. What this means is that Plaintiff must prove by a preponderance of the credible evidence that the conditions he experienced amounted to an excessive or unreasonable risk of serious damage to his health or

---

[1] *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).

safety.[2] There is no bright line test for whether a deprivation meets this bar; instead, you must evaluate the conditions against contemporary standards of decency. In other words, Plaintiff must show that the risk of which he complains is not one that today's society chooses to tolerate.[3]

You may consider whether each condition of Plaintiff's confinement—that is, the adequacy of food, clothing, shelter, sanitation, medical care, or personal safety—was objectively and sufficiently serious on its own. You may also consider whether, taken together, these conditions were objectively and sufficiently serious, if you find that these conditions have a mutually enforcing effect. You should consider the severity and length of each condition, but because this is an objective test, you should not consider any of Plaintiff's resulting injuries.[4]

### 2. Deliberate Indifference

Second, Plaintiff must prove, by a preponderance of the credible evidence, that the defendant you are considering acted with deliberate indifference. Deliberate indifference means that the defendant personally knew of, and disregarded, an excessive risk to Plaintiff's health or safety. Evidence that a risk was obvious, or otherwise must have been known to the defendant, may be sufficient for you to conclude that the defendant was actually aware of the risk. Please note that this intent element can be proved directly, or it can be proved by reasonable inference from circumstantial evidence.[5]

For Defendant Enjoli Lake, who was not on the bus when the alleged constitutional violation occurred, Plaintiff might also prove deliberate indifference through something called

---

[2] Jury Charge for *Brandon v. Royce*, No. 16-CV-5552 (VB).
[3] *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017); *Helling v. McKinney*, 509 U.S. 25, 36 (1993).
[4] *Darnell*, 849 F.3d at 31–32.
[5] Jury Charge for *Brandon*, No. 16-CV-5552; *Walker*, 717 F.3d at 124.

supervisory liability. To do so, Plaintiff must prove that Defendant Lake knew there existed a substantial risk of serious harm.[6]

If you find that Plaintiff has proven both elements for the Defendant you are considering, then answer YES for that Defendant on Question 1(A) of the Verdict Form.

---

[6] *See Elting v. Lassiter*, No. 22-CV-8573 (PGG), 2023 WL 8699454, at *5 (S.D.N.Y. Dec. 14, 2023).

### D. Substantive Law - Excessive Force

Plaintiff's second claim is that Defendants used excessive force on the morning of August 31, 2016. This claim includes, but is not limited to, the use of the chemical agent. Plaintiff has sued the following defendants for use of excessive force: Daniel Ortiz, Mark Daniels, Edwin Lopera, Alason Henry, Maxsolaine Mingo, and Walter Ross. Again, remember that you are to consider each defendants' liability separately, and to not let your finding against one defendant prejudice you against another.

To establish an excessive force claim in violation of the Eighth Amendment, Plaintiff must prove each of the following things by a preponderance of the evidence:

(1) the defendant you are considering used force on Plaintiff;

(2) the defendant did so, not in a good faith effort to maintain or restore security or discipline, or the defendant did so maliciously, for the purpose of causing Plaintiff harm; and

(3) the defendant's conduct caused harm to Plaintiff.[7]

I will explain each of these requirements.

#### 1. Use of Force

For the first requirement, Plaintiff must prove that the defendant you are considering actually used force on Plaintiff.

#### 2. Unreasonable Force

For the second requirement, you must determine if that actual use of force was done so with a wanton state of mind. An officer uses force with a wanton state of mind in one of the following circumstances. First, Plaintiff can prove a wanton state of mind if force is applied

---

[7] Fed. Civ. Jury Instr. 7th Cir. 7.18 (2021); *see also Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016); *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003); *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999).

23

maliciously and sadistically, in other words for the purpose of causing harm. Or, second, Plaintiff can prove a wanton state of mind if the officer applies force not in a good faith effort to maintain or restore discipline. In this second circumstance, an officer's acts need not be malicious or sadistic.

In determining whether the force used was for the purpose of maliciously harming Plaintiff or not in a good faith effort to maintain or restore security or discipline, you should consider the extent of the plaintiff's injuries, the need for the application of force, the correlation between that need and the amount of force used, the threat reasonably perceived by the defendant, and any efforts made by the officer to temper the severity of a forceful response. You should bear in mind that the management of prisoners by correction officers may require such officers to intentionally use force on occasion. Where force is used in response to a prison disturbance, it is done in haste and under pressure. Consequently, it must be judged in the context of the legitimate concerns for the safety of prison staff or other inmates.[8]

### 3. Harm

For the third element, Plaintiff must prove that the defendant's conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions.[9] This prong is context specific.[10] Not every push or shove is a constitutional violation.[11] Instead, this factor is satisfied

---

[8] Jury Instructions in *Jackson v. Kaufman*, No. 13-CV-6544 (RA); Fed. Civ. Jury Instr. 7th Cir. 7.18 (2021); *see also Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016); *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003); *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999).

[9] *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015) (quoting *Hudson*, 503 U.S. at 8).

[10] *Id*. (quoting *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999)).

[11] *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

if the force violates current standards of decency or involves unnecessary and deliberate infliction of pain.[12] Plaintiff is not required to establish that he suffered a significant injury.[13]

If you find that Plaintiff has proven all three elements for the Defendant you are considering, then answer YES for that Defendant on Question 3(A) of the Verdict Form.

### 4. Failure to Intervene

For certain Defendants, Plaintiff is bringing a claim for the failure to intervene in the use of excessive force. I will call these the "Intervention Defendants." The Intervention Defendants are Defendants Daniels, Ross, and Lopera. If you find that Plaintiff suffered from the use of excessive force, then you should consider whether the Intervention Defendants should also be held liable for the failure to intervene in the use of that force.

In order to establish that an officer failed to intervene to prevent an unconstitutional use of excessive force, the Plaintiff must prove that: (1) The Defendant had a realistic opportunity to intervene and prevent the harm; (2) A reasonable person in the Defendant's position would have known that the Plaintiff's constitutional rights were being violated; and (3) The Defendant did not take reasonable steps to intervene.[14]

Remember, for an Intervention Defendant to be liable, Plaintiff must first prove the three elements I described earlier showing that an excessive use of force caused him injury. If you find that Plaintiff suffered an excessive use of force that caused him injury, and you find that an Intervention Defendant failure to take reasonable steps to intervene, then answer YES for that Defendant on Question 3(A) of the Verdict Form.

---

[12] *Crawford*, 796 F.3d at 256.
[13] *Hudson*, 503 U.S. at 10.
[14] *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), *aff'd sub nom. Jean-Laurent v. Wilkerson*, 461 F. App'x 18 (2d Cir. 2012).

### 5. Supervisory Liability

I am now going to instruct you on supervisory liability for an excessive force claim. For Defendant Maxsolaine Mingo, who was not on the bus when the alleged use of force occurred, Plaintiff is claiming supervisory liability. To prove supervisory liability for an excessive force claim, Plaintiff must prove by a preponderance of the evidence that Defendant Mingo knew there existed a substantial risk of serious harm—that is, a substantial risk of the unnecessary and wanton infliction of pain.[15]

Again, for Defendant Mingo to be liable as a supervisor, Plaintiff must first prove the three elements I described earlier showing that an intentional and unreasonable use of force caused him injury. If you find that Plaintiff suffered an intentional an unreasonable use of force that caused him injury, and you find that Defendant Mingo knew of the substantial risk of unnecessary and wanton infliction of pain, answer YES for Defendant Mingo on Question 3(A) of the Verdict Form.

---

[15] *Elting v. Lassiter*, No. 22-CV-8573 (PGG), 2023 WL 8699454, at *5 (S.D.N.Y. Dec. 14, 2023); *Javier v. Russo*, No. 21-CV-7097 (VB), 2023 WL 5532468, at *7 (S.D.N.Y. Aug. 28, 2023).

### E.  Relevance of Directives

You have heard testimony about and seen excerpts about DOC guidelines, trainings and directives that correction officers receive. The directives may not cover every situation that an officer confronts. You may consider the directives in determining how a reasonable officer might comport himself, but keep in mind that the directives are not coextensive with the federal constitution. An act that violates the directives may or may not violate the Constitution. Therefore, you must determine whether Plaintiff's constitutional rights were violated, not whether the defendant complied with the directives or his training.

### F.  Proximate Cause[16]

I am now going to instruct you on causation, which applies to both the conditions of confinement claim and the excessive force claim. If you conclude that a defendant violated one or more of Plaintiff's rights, you must next decide whether that defendant's actions or inactions were a substantial and reasonably foreseeable factor in causing Defendant to suffer injury or damage.

A single action or inaction may cause injury or damage. Multiple actions or inactions – by a person or more than one person – can cause injury or damages as well. For example, one person can be liable for using excessive force while another is liable for failing to stop the first person from using excessive force. If that is the case, the actions or inactions of two or more people could have been a substantial factor in causing Plaintiff to suffer injury or damage.

For Questions 1(B) and 3(B) of the Verdict Form, indicate whether any Defendants' actions or inactions substantially and foreseeably cause Plaintiff to suffer injury or damages.

---

[16] Taken from Joint Requests at 19.

### G. Spoliation

*[No jury instructions on spoliation at this time. The Court has not made any findings with respect to spoliation. Parties may offer proof of spoliation at trial. The Court will determine if spoliation instructions are appropriate at the charge conference.]*

**COURT EXHIBIT 8**

### H.  Damages[17]

If Plaintiff has proven by a preponderance of the credible evidence that a defendant is liable on any one of Plaintiff's claims, then you must determine the damages to which Plaintiff is entitled. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

If you find that Plaintiff is entitled to damages from multiple defendants, you will not have to consider the damages owed by each defendant. Instead, because all liable defendants will share responsibility for the amount of damages owed to Plaintiff, you only need to determine the amount of damages that Plaintiff is owed in total based on his injuries, if any.

You may hear counsel for Plaintiff suggest an amount of damages for you to award Plaintiff. As I instructed you previously, the arguments of counsel are not evidence, and any damages you award Plaintiff must be based on the evidence as I have instructed you.

---

[17] Instructions on all damages are consistent with this Court's Instructions in *Castro v. Smith*, No. 16-CV-8147.

### 1.  Compensatory Damages[18]

If you return a verdict for Plaintiff on his claims, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the Defendants. These damages are called compensatory damages. Compensatory damages seek to make a plaintiff whole – that is, to compensate a plaintiff for the damages suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of Defendants' conduct.

I remind you that you may award compensatory damages only for those injuries that Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here. You may, however, compensate Plaintiff to the extent that you find that he was further injured by Defendants' violations of his rights.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that you find Plaintiff has actually suffered or is reasonably likely to suffer in the near future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff

---

[18] MODERN FEDERAL JURY INSTRUCTIONS-CIVIL, Instruction 77-3.

prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

There is no claim in this case that Plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

On the Verdict Form, you will indicate your responses on compensatory damages separately for the two claims. Indicate your answers on compensatory damages as to the conditions of confinement claim under Question 2. Indicate your answers on compensatory damages as to the excessive force claim under Question 4.

### 2. Nominal Damages

If you return a verdict in Plaintiff's favor on either of his claims, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you must return an award of nominal damages. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury. Nominal damages may only be awarded for a token sum, not to exceed one dollar.

You may not award both nominal and compensatory damages to Plaintiff; either Plaintiff was measurably injured, in which case you must award compensatory damages, or else Plaintiff was not, in which case you may award nominal damages.

On the Verdict Form, you will indicate your responses on nominal damages separately for the conditions of confinement and the excessive force claim, under Questions 2 and 4, respectively.

### 3. Punitive Damages[19]

If you should find that the defendant you are considering is liable for Plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if Plaintiff has proven by a preponderance of the evidence that Defendants' conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion – you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount – it must not reflect bias, prejudice or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of Defendants in fixing the amount of punitive damages. You may also consider the reprehensibility of Defendants' conduct; the impact of Defendants' conduct on Plaintiff; the relationship between Plaintiff and Defendants; the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made; and the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

On the Verdict Form, you will indicate your answers on punitive damages under Question 2 for the conditions of confinement claim and under Question 4 for the excessive force claim.

---

[19] MODERN FEDERAL JURY INSTRUCTIONS-CIVIL, Instruction 77-5; SECTION 1983 LITIGATION: JURY INSTRUCTIONS, Model Instruction 8: Punitive Damages.

### I.   Closing Arguments

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

### III.    Deliberations of the Jury

### A.  Right To See Exhibits and Hear Testimony; Communications with Court

You are about to go into the jury room and begin your deliberations. You will have all of the exhibits on a flash drive provided to you. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**COURT EXHIBIT 8**

**B.  Notes**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### C.  Duty to Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, Plaintiff must sustain its burden of proof as I have explained to you with respect to each element of the Complaint. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against Plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

### D.  Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

### E.  Return of Verdict

I have prepared a verdict form for you to use in recording your decision. On the form, there are spaces to indicate your determinations regarding each Plaintiff's claim against each defendant. You should proceed through the questions in the order in which they are listed. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it and then give a note to the deputy stating that you have reached a verdict. Do not specify what the verdict is in your note. Remember, the verdict must be unanimous and must reflect the conscientious judgment of each juror.

I will stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### F.  Closing Comment

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: You should treat each other with courtesy and respect during your deliberation. All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Thank you for your time and attentiveness.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON

                              Plaintiff,

                  -against-

MAXSOLAINE MINGO, MUNISH
CHOPRA, ENJOLI MURRIA, MARK
DANIELS, WALTER ROSS, KEVIN
ANDERSON, CEDRIC CARTER, ALASON
HENRY, EDWIN LOPERA, and DANIEL
ORTIZ,

                              Defendants.

18-CV-2765 (JGLC)

## <u>VERDICT FORM</u>

**All Jurors must agree unanimously to the answers to each question. Please follow the directions in this form closely and move through the form in the order that the questions are asked.**

## QUESTION 1: CONDITIONS OF CONFINEMENT

### QUESTION 1(A)

Has Plaintiff shown by a preponderance of the evidence that any of these defendants violated his right to constitutional conditions of confinement? Answer 'YES' or 'NO' with respect to each defendant listed.

Enjoli Lake                    _____

Munish Chopra                  _____

Cedric Carter                  _____

Kevin Anderson                 _____

**If you answered YES to at least one defendant, proceed to Question 1(B).**

**If you answered NO to all defendants, proceed to Question 3.**

### QUESTION 1(B)

Did the action or inaction of these defendants substantially and foreseeably cause Plaintiff to suffer injury or damages? Answer 'YES' or 'NO' with respect to each defendant listed.

Enjoli Lake                    _____

Munish Chopra                  _____

Cedric Carter                  _____

Kevin Anderson                 _____

**If you answered YES to at least one defendant, proceed to Question 2.**

**If you answered NO to all defendants, proceed to Question 3.**

**COURT EXHIBIT 9**

## QUESTION 2: DAMAGES (CONDITIONS OF CONFINEMENT)

### QUESTION 2(A)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to compensatory damages as a result of unconstitutional conditions of confinement?

Yes _____                    No _____

**If you answered YES please proceed to Question 2(B).**

**If you answered NO please proceed to Question 2(C).**

### QUESTION 2(B)

State the total amount of any actual compensatory damages that Plaintiff has proven he is entitled to on his conditions of confinement claim.

$_____

**Please proceed to Question 2(D).**

### QUESTION 2(C)

What amount of nominal damages, not to exceed one dollar, do you award Plaintiff on his conditions of confinement claim?  You are required to award nominal damages if you answered "Yes" to any Defendant in Question 1B.

$_____

**Please proceed to Question 2(D).**

### QUESTION 2(D)

Do you find that punitive damages are warranted against Defendants?

Yes _____                    No _____

**If you answered YES please proceed to Question 2(E).**

**If you answered NO, proceed to Question 3.**

### QUESTION 2(E)

What amount of punitive damages is to be awarded against Defendants?

$_____

**Proceed to Question 3.**

**COURT EXHIBIT 9**

## QUESTION 3: EXCESSIVE USE OF FORCE

### QUESTION 3(A)

Has Plaintiff proven by a preponderance of the credible evidence that he was subjected to excessive force by any of these Defendants? Answer 'YES' or 'NO' with respect to each Defendant listed.

Maxsolaine Mingo     _____

Daniel Ortiz     _____

Mark Daniels     _____

Edwin Lopera     _____

Alason Henry     _____

Walter Ross     _____

**If you answered YES to at least one defendant, proceed to Question 3(B).**

**If you answered NO to all defendants, your deliberations are <u>finished</u>.**

### QUESTION 3(B)

Did the action or inaction of these Defendants substantially and foreseeably cause Plaintiff to suffer injury or damages? Answer 'YES' or 'NO' with respect to each Defendant listed.

Maxsolaine Mingo     _____

Daniel Ortiz     _____

Mark Daniels     _____

Edwin Lopera     _____

Alason Henry     _____

Walter Ross     _____

**If you answered YES to at least one defendant, proceed to Question 4.**

**If you answered NO to all defendants, your deliberations are <u>finished</u>.**

## QUESTION 4: DAMAGES (EXCESSIVE FORCE)

### QUESTION 4(A)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to compensatory damages as a result of being subjected to excessive force?

Yes �____          No _____

**If you answered YES please proceed to Question 4(B).**

**If you answered NO please proceed to Question 4(C).**

### QUESTION 4(B)

State the total amount of any actual compensatory damages that Plaintiff has proven he is entitled to on his excessive force claim.

$_____

**Please proceed to Question 4(D).**

### QUESTION 4(C)

What amount of nominal damages, not to exceed one dollar, do you award Plaintiff on his excessive force claim?  You are required to award nominal damages if you answered "Yes" to any Defendant in Question 3(B).

$_____

**Please proceed to Question 4(D).**

### QUESTION 4(D)

Do you find that punitive damages are warranted against Defendants?

Yes �____          No _____

**If you answered YES please proceed to Question 4(E).**

**If you answered NO your deliberations are <u>finished</u>.**

### QUESTION 4(E)

What amount of punitive damages is to be awarded against Defendants?

$_____

**Your deliberations are <u>finished</u>.**

**COURT EXHIBIT 9**

I attest the foregoing reflects the jury's decision.


_____
Foreperson

Dated: _____, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON

                Plaintiff,

       -against-

MAXSOLAINE MINGO, MUNISH
CHOPRA, ENJOLI MURRIA, MARK
DANIELS, WALTER ROSS, KEVIN
ANDERSON, CEDRIC CARTER, ALASON
HENRY, EDWIN LOPERA, and DANIEL
ORTIZ,

                Defendants.

18-CV-2765 (JGLC)

JESSICA G. L. CLARKE, United States District Judge:

## FINAL JURY INSTRUCTIONS

## Table of Contents

I.   General Instructions .................................................................................................. 3
    A.   Introduction to Instructions ............................................................................... 3
    B.   Roles of the Judge and Jury ............................................................................... 4
    C.   Role of Counsel.................................................................................................. 5
    D.   Impartiality......................................................................................................... 6
    E.   What Is and Is Not Evidence ............................................................................. 7
    F.   Direct and Circumstantial Evidence .................................................................. 9
    G.   Credibility of Witnesses ...................................................................................11
    H.   Stipulations & Judicial Notice ......................................................................... 13
    I.   Burden of Proof................................................................................................ 14
    J.   Available Evidence ........................................................................................... 16
    K.   Multiple Claims and Multiple Parties .............................................................. 17
II.  Substantive Instructions ........................................................................................ 18
    A.   Overview ........................................................................................................... 18
    B.   Section 1983 ..................................................................................................... 19
    C.   Substantive Law – Conditions of Confinement ............................................... 20
        1.   Sufficiently Serious Deprivation ............................................................ 20
        2.   Deliberate Indifference .......................................................................... 21
    D.   Substantive Law - Excessive Force .................................................................. 23
        1.   Use of Force ........................................................................................... 23
        2.   Unreasonable Force ................................................................................ 23
        3.   Harm ....................................................................................................... 24
        4.   Failure to Intervene ................................................................................ 25
        5.   Supervisory Liability .............................................................................. 25
    E.   Relevance of Directives .................................................................................... 27
    F.   Spoliation .......................................................................................................... 28
    G.   Proximate Cause ............................................................................................... 29
    H.   Damages............................................................................................................ 30
        1.   Compensatory Damages ......................................................................... 31
        2.   Nominal Damages................................................................................... 33
        3.   Punitive Damages ................................................................................... 34
    I.   Closing Arguments............................................................................................ 35
III. Deliberations of the Jury ....................................................................................... 36
    A.   Right To See Exhibits and Hear Testimony; Communications with Court ...... 36
    B.   Notes ................................................................................................................. 37
    C.   Duty to Deliberate/Unanimous Verdict............................................................ 38
    D.   Selection of Foreperson .................................................................................... 39
    E.   Return of Verdict .............................................................................................. 40
    F.   Closing Comment ............................................................................................. 41

**COURT EXHIBIT 13**

## I.    General Instructions

### A.  Introduction to Instructions

Members of the jury, you have now heard all of the evidence in the case. You are about to hear the final arguments of the parties and then you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

B.  **Roles of the Judge and Jury**

It is a tradition and right of our legal system that parties involved in legal disputes have a jury, chosen from the members of their community, render a verdict. Your role, as the jury, is to decide the factual issues in the case. I, as the judge, will instruct you on the law, and you must accept the law as I state it to you. Then, you will apply that law to the facts as you find them. The result of your work will be the verdict that you return.

You, as jurors, are the sole and exclusive arbiters of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony. In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. I will instruct you momentarily on what is and is not evidence.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views on what your decision should be. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case. My role, as the judge, is to instruct you on the law that you are to apply to the facts as you find them. You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. Also, if anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

### C.  Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients. From time to time, the lawyers and I had conferences out of your hearing called sidebars.  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### D.  Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. The testimony of law enforcement officials is not to be given greater or lesser weight. Likewise, the testimony of incarcerated or formerly incarcerated people is not to be given greater or lesser weight. The evidence of convictions may only be considered with respect to witness credibility. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### E.  What Is and Is Not Evidence

Evidence consists of the testimony of the witnesses, the exhibits that have been received into evidence, stipulations, and judicially noticed facts. The stipulations contain facts that the parties have agreed on, and you are to take these facts as true. By contrast, what counsel have said in their opening statements, questions and objections, as well as what they may say in their closing arguments, is not evidence. Also, anything that I have said or may say about the facts, as well as anything you have heard outside the courtroom is not evidence.

You should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. At times, a questioner may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it simply because it was contained in a question. You also may not consider any answer that I directed you to disregard or that I directed be stricken from the record.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. If a demonstrative aid misstates the underlying evidence, it is the underlying evidence that you must consider. Materials used only to refresh a witness's recollection also are not evidence. Arguments made by the attorneys are not evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

During the trial, I have been called upon to make various rulings. There may have been objections, or motions may have been made to strike answers. You are to disregard these

procedural matters; they are matters of law, and although you may have been curious about them, you should not consider them.

Also, the fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Lastly, anything that you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence that is presented to you in this courtroom.

### F. Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict – direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses – something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom windows were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience and common sense, the existence or non-existence of some other fact. An inference is not a speculation, suspicion or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

There are times when different inferences may be drawn from the same proven facts. Here, the one side asks you to draw one set of inferences, while the other side asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### G. Credibility of Witnesses

You have now had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. How do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

One thing you should consider is any bias, hostility or affection that a witness may have shown for or against a party. It is your duty to consider whether the witness has permitted any such bias to color his or her testimony. If you find that a witness is biased, then you should view the witness's testimony with caution, weigh it with care and subject it to close and searching scrutiny.

You should also consider any other interest or motive that the witness may have in cooperating with a particular party, as well as any interest the witness may have in the outcome of the case. Interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, you should accept the testimony of an interested witness with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony. Every witness in this case, except for Warden Walker, was an interested witness.

Additional factors you should consider are: the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; the reasonableness of the witness's

testimony; and the testimony's consistency or lack of consistency with other credible testimony. In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

If you find that any witness has willfully testified falsely to any material fact (that is, to an important matter), then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

While it is quite legitimate for an attorney to try to attack the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept and what weight you will give to that testimony.

### H.  Stipulations & Judicial Notice

Throughout this trial, I read to you the stipulations between the parties. I will remind you now that a stipulation of facts is an agreement among the parties that certain facts are true. You must regard such agreed facts in the stipulation as true.

Throughout trial, I have also taken judicial notice of certain matters. I will remind you that a matter on which I took judicial notice is one that I have accepted to be true, and one which you must also take to be true.

### I. Burden of Proof

I am now going to explain the concept of "burden of proof." This is a civil case, so the burden of proof is proof by a "preponderance of the evidence."

Plaintiff bears the burden of proof on each of his claims. This means Plaintiff has the burden of proving to you every disputed element of his claims by a preponderance of the evidence. If you conclude that Plaintiff has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence, which refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you should consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, meaning it is as equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof. That is because the party with the burden of proof must prove more than simple equality of evidence. On the other hand, the party with the burden of proof does not need to prove any more than a preponderance of the evidence. This means that as long as you find on a given issue that the scales tip, however slightly, in favor of the party with the burden of proof, then you must find for that party on that issue, as that issue will have been proved by a preponderance of the evidence.

Once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it completely out of your mind.

### J.  Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. I instruct you that you are not to speculate as to what those witnesses would have testified to had they been called.

### K.  Multiple Claims and Multiple Parties

This claim has multiple defendants, as well as multiple claims. You must consider each claim separately, and you must consider the evidence against each defendant separately. Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against any other defendant.

II.     **Substantive Instructions**

A.  **Overview**

I'm now going to tell you about the law that you will have to apply to the facts as you find them. They are to help you evaluate the evidence in light of what you are asked to do now that you have heard all the evidence. To the extent that there are any differences between the preliminary instructions that I gave you at the beginning of trial and these final instructions, the final instructions are the ones you must follow in your deliberations.

You have also been provided with a verdict form that you will fill out during your deliberations. On the form, there are spaces to indicate your verdict on Plaintiff's claims against each defendant. You should proceed through the questions in the order in which they are listed. The verdict form contains 4 questions. You may not have to answer all of them. The instructions I am about to give you will guide you on when and how to answer each question.

18

**B.  Section 1983 and Grievance Forms**

Plaintiff brings his claim under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. In this case, there is no dispute that Defendants were acting under color of state law.

You have heard testimony and saw evidence about the requirement that Plaintiff must submit a grievance form to bring the claims in this case. This is not an issue for you to consider, and you are to disregard the evidence about this issue.

Plaintiff brings two Section 1983 claims in violation of Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. The first claim is for unconstitutional conditions of confinement. The second claim is for the use of excessive force. I will now explain what Plaintiff must prove for each of these claims.

### C.  Substantive Law – Conditions of Confinement

Plaintiff claims that the conditions on the bus on the night of August 30, 2016 to the morning of August 31, 2016 violated his Eighth Amendment rights because he was not provided adequate food, water, shelter, sanitation, medication, or safety while he was on the bus. He has sued the following defendants for depriving him of those rights: Munish Chopra, Enjoli Lake, Kevin Anderson, and Cedric Carter. Remember that you are to consider each defendants' liability separately, and to not let your finding against one defendant prejudice you against another.

In order to prevail on a Section 1983 claim for unconstitutional conditions of confinement under the Eighth Amendment, Plaintiff must prove two things: First, that he suffered an objectively and sufficiently serious deprivation. Second, that the defendant you are considering acted with deliberate indifference. Let me go through each element.

### 1.  Sufficiently Serious Deprivation

First, Plaintiff must prove that the deprivation he suffered was objectively and sufficiently serious—or in other words, that the conditions of his confinement on the bus resulted in the denial of the minimal measure of life's necessities.

To be an objectively and sufficiently serious deprivation, it is not enough that the conditions were restrictive or harsh. That is because the Eighth Amendment's prohibition against cruel and unusual punishment does not mandate comfortable prisons. But the Eighth Amendment does require that the conditions of a person's confinement must be at least humane. What this means is that Plaintiff must prove by a preponderance of the credible evidence that the conditions he experienced amounted to an excessive or unreasonable risk of serious damage to his health or safety. There is no bright line test for whether a deprivation meets this bar; instead, you must

evaluate the conditions against contemporary standards of decency. In other words, Plaintiff must show that the risk of which he complains is not one that today's society chooses to tolerate.

You may consider whether each condition of Plaintiff's confinement—that is, the adequacy of food, clothing, shelter, sanitation, medical care, or personal safety—was objectively and sufficiently serious on its own. You may also consider whether, taken together, these conditions were objectively and sufficiently serious, if you find that these conditions have a mutually enforcing effect. You should consider the severity and length of each condition, but because this is an objective test, you should not consider any of Plaintiff's alleged injuries.

Plaintiff's conditions of confinement claim against the Defendants concerns only the conditions of his confinement on the bus. As such, any conditions of confinement Plaintiff may have testified to before he was on the bus or after he was removed from the bus cannot form the basis for liability on this claim.

### 2. Deliberate Indifference

Second, Plaintiff must prove, by a preponderance of the credible evidence, that the defendant you are considering acted with deliberate indifference. Deliberate indifference means that the defendant personally knew of, and disregarded, an excessive risk to Plaintiff's health or safety. Evidence that a risk was obvious, or otherwise must have been known to the defendant, may be sufficient for you to conclude that the defendant was actually aware of the risk. Please note that this intent element can be proved directly, or it can be proved by reasonable inference from circumstantial evidence. A defendant can be found to be deliberately indifferent even if they were following orders, if it was apparent that the orders themselves were unconstitutional.

For Defendant Enjoli Lake, who was not on the bus when the alleged constitutional violation occurred, Plaintiff might also prove deliberate indifference through something called

supervisory liability. To do so, Plaintiff must prove that Defendant Lake knew there existed a substantial risk of serious harm.

If you find that Plaintiff has proven both elements for the Defendant you are considering, then answer YES for that Defendant on Question 1 of the Verdict Form.

### D.  Substantive Law - Excessive Force

Plaintiff's second claim is that Defendants used excessive force on the morning of August 31, 2016. This claim includes the use of the chemical agent. Plaintiff has sued the following defendants for use of excessive force: Daniel Ortiz, Mark Daniels, Edwin Lopera, Alason Henry, Maxsolaine Mingo, and Walter Ross. Again, remember that you are to consider each defendants' liability separately, and to not let your finding against one defendant prejudice you against another.

To establish an excessive force claim in violation of the Eighth Amendment, Plaintiff must prove each of the following things by a preponderance of the evidence:

(1) the defendant you are considering used force on Plaintiff;

(2) the defendant did so, not in a good faith effort to maintain or restore security or discipline, or the defendant did so maliciously, for the purpose of causing Plaintiff harm; and

(3) the defendant's conduct caused harm to Plaintiff.

I will explain each of these requirements.

#### 1.  Use of Force

For the first requirement, Plaintiff must prove that the defendant you are considering actually used force on Plaintiff, failed to intervene, or ordered the use of force. I will instruct you on failure to intervene and ordering the use of force in a moment.

#### 2.  Unreasonable Force

For the second requirement, you must determine if that actual use of force was done so with a wanton state of mind. An officer uses force with a wanton state of mind in one of the following circumstances. First, Plaintiff can prove a wanton state of mind if force is applied maliciously and sadistically, in other words for the purpose of causing harm. Or, second, Plaintiff

can prove a wanton state of mind if the officer applies force not in a good faith effort to maintain or restore discipline. In this second circumstance, an officer's acts need not be malicious or sadistic.

In determining whether the force used was for the purpose of maliciously harming Plaintiff or not in a good faith effort to maintain or restore security or discipline, you should consider the extent of the plaintiff's injuries, the need for the application of force, the correlation between that need and the amount of force used, the threat reasonably perceived by the defendant, and any efforts made by the officer to temper the severity of a forceful response. You should bear in mind that the management of prisoners by correction officers may require such officers to intentionally use force on occasion. Where force is used in response to a prison disturbance, it is done in haste and under pressure. Consequently, it must be judged in the context of the legitimate concerns for the safety of prison staff or other inmates. A defendant can be found to have used force unreasonably even if they were following orders, if it was apparent that the orders themselves were unconstitutional.

### 3. Harm

For the third element, Plaintiff must prove that the defendant's conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions. This prong is context specific. Not every push or shove is a constitutional violation. Instead, this factor is satisfied if the force violates current standards of decency or involves unnecessary and deliberate infliction of pain. Plaintiff is not required to establish that he suffered a significant injury.

If you find that Plaintiff has proven all three elements for the Defendant you are considering, then answer YES for that Defendant on Question 3 of the Verdict Form.

### 4. Failure to Intervene

For certain Defendants, Plaintiff is bringing a claim for the failure to intervene in the use of excessive force. I will call these the "Intervention Defendants." The Intervention Defendants are Defendants Daniels, Ross, and Lopera. If you find that Plaintiff suffered from the use of excessive force, then you should consider whether the Intervention Defendants should also be held liable for the failure to intervene in the use of that force.

In order to establish that an officer failed to intervene to prevent an unconstitutional use of excessive force, the Plaintiff must prove that: (1) The Defendant had a realistic opportunity to intervene and prevent the harm; (2) A reasonable person in the Defendant's position would have known that the Plaintiff's constitutional rights were being violated; and (3) The Defendant did not take reasonable steps to intervene.

Remember, for an Intervention Defendant to be liable, Plaintiff must first prove that an excessive use of force caused him injury. If you find that Plaintiff suffered an excessive use of force that caused him injury, and you find that an Intervention Defendant failure to take reasonable steps to intervene, then answer YES for that Defendant on Question 3 of the Verdict Form.

### 5. Supervisory Liability

I am now going to instruct you on supervisory liability for an excessive force claim. For Defendant Maxsolaine Mingo, who was not on the bus when the alleged use of force occurred, Plaintiff is claiming supervisory liability. To prove supervisory liability for an excessive force claim, Plaintiff must prove by a preponderance of the evidence that Defendant Mingo knew there existed a substantial risk of serious harm—that is, a substantial risk of the unnecessary and wanton infliction of pain.

Again, for Defendant Mingo to be liable as a supervisor, Plaintiff must first prove the elements I described earlier showing that an unreasonable use of force caused him injury. If you find that Plaintiff suffered an unreasonable use of force that caused him injury, and you find that Defendant Mingo knew of the substantial risk of unnecessary and wanton infliction of pain, answer YES for Defendant Mingo on Question 3 of the Verdict Form.

### E.  Relevance of Directives

You have heard testimony about and seen excerpts about DOC operations orders and directives that correction officers receive. The operations orders and directives may not cover every situation that an officer confronts. You may consider the operation orders and directives in determining how a reasonable officer might comport himself, but keep in mind that the orders and directives are not necessarily coextensive with the federal constitution. An act that violates the directives may or may not violate the Constitution. Therefore, you must determine whether Plaintiff's constitutional rights were violated, not whether the defendant complied with the directives or his orders.

### F.  Spoliation

Plaintiff contends that Defendants at one time possessed a video recording of ESU's conduct on the bus. However, Defendants contend that this recording never existed. You may, but are not required, to assume the footage would have been unfavorable to Defendants only if you find the following by a preponderance of the evidence:

(1)    The video existed;

(2)    The video was relevant to a claim or defense in this case; and

(3)    Defendants acted with the intent to deprive Plaintiff of the video.

### G.  Proximate Cause

If you conclude that a defendant violated one or more of Plaintiff's rights, you must next decide whether that defendant's actions or inactions were a substantial and reasonably foreseeable factor in causing Defendant to suffer injury or damage.

A single action or inaction may cause injury or damage. Multiple actions or inactions – by a person or more than one person – can cause injury or damages as well. For example, one person can be liable for using excessive force while another is liable for failing to stop the first person from using excessive force. If that is the case, the actions or inactions of two or more people could have been a substantial factor in causing Plaintiff to suffer injury or damage.

### H. Damages

If Plaintiff has proven by a preponderance of the credible evidence that a defendant is liable on any one of Plaintiff's claims, then you must determine the damages to which Plaintiff is entitled. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

If you find that Plaintiff is entitled to damages from multiple defendants, you will not have to consider the damages owed by each defendant. Instead, because all liable defendants will share responsibility for the amount of damages owed to Plaintiff, you only need to determine the amount of damages that Plaintiff is owed in total based on his injuries, if any.

You may hear counsel for Plaintiff suggest an amount of damages for you to award Plaintiff. As I instructed you previously, the arguments of counsel are not evidence, and any damages you award Plaintiff must be based on the evidence as I have instructed you.

### 1. Compensatory Damages

If you return a verdict for Plaintiff on his claims, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the Defendants. These damages are called compensatory damages. Compensatory damages seek to make a plaintiff whole – that is, to compensate a plaintiff for the damages suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of Defendants' conduct.

I remind you that you may award compensatory damages only for those injuries that Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here. You may, however, compensate Plaintiff to the extent that you find that he was further injured by Defendants' violations of his rights.

When considering damages pertaining to the use of pepper spray, you are to consider the evidence only relating to alleged harm immediately suffered from the pepper spray regardless of how long that harm lasted. You are not to consider any evidence of medical conditions allegedly developed substantially thereafter. For example, you should not consider evidence of medical conditions that newly arose days after the incident occurred.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that you find Plaintiff has actually suffered or is reasonably likely to suffer in the near future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

There is no claim in this case that Plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

On the Verdict Form, you will indicate your responses on compensatory damages separately for the two claims. Indicate your answers on compensatory damages as to the conditions of confinement claim under Question 2. Indicate your answers on compensatory damages as to the excessive force claim under Question 4.

2. **Nominal Damages**

If you return a verdict in Plaintiff's favor on either of his claims, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you must return an award of nominal damages. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury. Nominal damages may only be awarded for a token sum, not to exceed one dollar.

You may not award both nominal and compensatory damages to Plaintiff; either Plaintiff was measurably injured, in which case you must award compensatory damages, or else Plaintiff was not, in which case you may award nominal damages.

On the Verdict Form, you will indicate your responses on nominal damages separately for the conditions of confinement and the excessive force claim, under Questions 2 and 4, respectively.

### 3. Punitive Damages

If you should find that the defendant you are considering is liable for Plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You will assess punitive damages independently for each Defendant that you find liable for Plaintiff's injuries. You may award punitive damages if Plaintiff has proven by a preponderance of the evidence that a defendant's conduct was malicious or reckless, not merely unreasonable. An act is malicious or reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion – you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount – it must not reflect bias, prejudice or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. You may also consider the reprehensibility of a defendant's conduct; the impact of a defendant's conduct on Plaintiff; the relationship between Plaintiff and the defendant; the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made; and the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

On the Verdict Form, you will indicate your answers on punitive damages under Question 2 for the conditions of confinement claim and under Question 4 for the excessive force claim.

### I.   Closing Arguments

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

### III.      Deliberations of the Jury

### A.  Right To See Exhibits and Hear Testimony; Communications with Court

You are about to go into the jury room and begin your deliberations. You will have all of the exhibits on a flash drive provided to you. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**B.  Notes**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### C.  Duty to Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, Plaintiff must sustain its burden of proof as I have explained to you with respect to each element of the Complaint. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against Plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**D.  Selection of Foreperson**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

### E.  Return of Verdict

I have prepared a verdict form for you to use in recording your decision. On the form, there are spaces to indicate your determinations regarding each Plaintiff's claim against each defendant. You should proceed through the questions in the order in which they are listed. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it and then give a note to the deputy stating that you have reached a verdict. Do not specify what the verdict is in your note. Remember, the verdict must be unanimous and must reflect the conscientious judgment of each juror.

I will stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**COURT EXHIBIT 13**

### F.  Closing Comment

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: You should treat each other with courtesy and respect during your deliberation. All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Thank you for your time and attentiveness.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD COLSON<br><br>                    Plaintiff,<br><br>          -against-<br><br>MAXSOLAINE MINGO, MUNISH CHOPRA, ENJOLI MURRIA, MARK DANIELS, WALTER ROSS, KEVIN ANDERSON, CEDRIC CARTER, ALASON HENRY, EDWIN LOPERA, and DANIEL ORTIZ,<br><br>                    Defendants. | 18-CV-2765 (JGLC) |

JESSICA G. L. CLARKE, United States District Judge:

## FINAL JURY INSTRUCTIONS

## Table of Contents

I.   General Instructions ................................................................................................ 3
   A.  Introduction to Instructions ................................................................................ 3
   B.  Roles of the Judge and Jury ............................................................................... 4
   C.  Role of Counsel ................................................................................................. 5
   D.  Impartiality ........................................................................................................ 6
   E.  What Is and Is Not Evidence .............................................................................. 7
   F.  Direct and Circumstantial Evidence ................................................................... 9
   G.  Credibility of Witnesses ................................................................................... 11
   H.  Stipulations & Judicial Notice ......................................................................... 13
   I.  Burden of Proof ............................................................................................... 14
   J.  Available Evidence .......................................................................................... 16
   K.  Multiple Claims and Multiple Parties .............................................................. 17
II.  Substantive Instructions ...................................................................................... 18
   A.  Overview ......................................................................................................... 18
   B.  Section 1983 .................................................................................................... 19
   C.  Substantive Law – Conditions of Confinement ................................................ 20
      1.  Sufficiently Serious Deprivation ................................................................ 20
      2.  Deliberate Indifference ............................................................................. 21
   D.  Substantive Law - Excessive Force .................................................................. 23
      1.  Use of Force .............................................................................................. 23
      2.  Unreasonable Force ................................................................................... 23
      3.  Harm ........................................................................................................ 24
      4.  Failure to Intervene ................................................................................... 25
      5.  Supervisory Liability ................................................................................. 26
   E.  Relevance of Directives ................................................................................... 27
   F.  Spoliation ........................................................................................................ 28
   G.  Proximate Cause .............................................................................................. 29
   H.  Damages .......................................................................................................... 30
      1.  Compensatory Damages ............................................................................ 31
      2.  Nominal Damages ..................................................................................... 33
      3.  Punitive Damages ..................................................................................... 34
   I.  Closing Arguments .......................................................................................... 36
III.  Deliberations of the Jury ..................................................................................... 37
   A.  Right To See Exhibits and Hear Testimony; Communications with Court ....... 37
   B.  Notes .............................................................................................................. 38
   C.  Duty to Deliberate/Unanimous Verdict ........................................................... 39
   D.  Selection of Foreperson ................................................................................... 40
   E.  Return of Verdict ............................................................................................ 41
   F.  Closing Comment ........................................................................................... 42

I.      **General Instructions**

A.  **Introduction to Instructions**

Members of the jury, you have now heard all of the evidence in the case. You are about to hear the final arguments of the parties and then you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### B.  Roles of the Judge and Jury

It is a tradition and right of our legal system that parties involved in legal disputes have a jury, chosen from the members of their community, render a verdict. Your role, as the jury, is to decide the factual issues in the case. I, as the judge, will instruct you on the law, and you must accept the law as I state it to you. Then, you will apply that law to the facts as you find them. The result of your work will be the verdict that you return.

You, as jurors, are the sole and exclusive arbiters of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony. In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. I will instruct you momentarily on what is and is not evidence.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views on what your decision should be. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case. My role, as the judge, is to instruct you on the law that you are to apply to the facts as you find them. You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. Also, if anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

### C.  Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients. From time to time, the lawyers and I had conferences out of your hearing called sidebars.  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### D.  Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. The testimony of law enforcement officials is not to be given greater or lesser weight. Likewise, the testimony of incarcerated or formerly incarcerated people is not to be given greater or lesser weight. The evidence of convictions may only be considered with respect to witness credibility. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### E.  What Is and Is Not Evidence

Evidence consists of the testimony of the witnesses, the exhibits that have been received into evidence, stipulations, and judicially noticed facts. The stipulations contain facts that the parties have agreed on, and you are to take these facts as true. By contrast, what counsel have said in their opening statements, questions and objections, as well as what they may say in their closing arguments, is not evidence. Also, anything that I have said or may say about the facts, as well as anything you have heard outside the courtroom is not evidence.

You should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. At times, a questioner may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it simply because it was contained in a question. You also may not consider any answer that I directed you to disregard or that I directed be stricken from the record.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. If a demonstrative aid misstates the underlying evidence, it is the underlying evidence that you must consider. Materials used only to refresh a witness's recollection also are not evidence. Arguments made by the attorneys are not evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

During the trial, I have been called upon to make various rulings. There may have been objections, or motions may have been made to strike answers. You are to disregard these

**COURT EXHIBIT 11**

procedural matters; they are matters of law, and although you may have been curious about them, you should not consider them.

Also, the fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Lastly, anything that you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence that is presented to you in this courtroom.

### F.  Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict – direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses – something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom windows were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience and common sense, the existence or non-existence of some other fact. An inference is not a speculation, suspicion or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

**COURT EXHIBIT 11**

There are times when different inferences may be drawn from the same proven facts. Here, the one side asks you to draw one set of inferences, while the other side asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### G.  Credibility of Witnesses

You have now had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. How do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

One thing you should consider is any bias, hostility or affection that a witness may have shown for or against a party. It is your duty to consider whether the witness has permitted any such bias to color his or her testimony. If you find that a witness is biased, then you should view the witness's testimony with caution, weigh it with care and subject it to close and searching scrutiny.

You should also consider any other interest or motive that the witness may have in cooperating with a particular party, as well as any interest the witness may have in the outcome of the case. Interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, you should accept the testimony of an interested witness with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony. Every witness in this case, except for Warden Walker, was an interested witness.

Additional factors you should consider are: the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; the reasonableness of the witness's

11

testimony; and the testimony's consistency or lack of consistency with other credible testimony. In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

　　　　If you find that any witness has willfully testified falsely to any material fact (that is, to an important matter), then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

　　　　While it is quite legitimate for an attorney to try to attack the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept and what weight you will give to that testimony.

### H.  Stipulations & Judicial Notice

Throughout this trial, I read to you the stipulations between the parties. I will remind you now that a stipulation of facts is an agreement among the parties that certain facts are true. You must regard such agreed facts in the stipulation as true.

Throughout trial, I have also taken judicial notice of certain matters. I will remind you that a matter on which I took judicial notice is one that I have accepted to be true, and one which you must also take to be true.

## I.  Burden of Proof

I am now going to explain the concept of "burden of proof." This is a civil case, so the burden of proof is proof by a "preponderance of the evidence."

Plaintiff bears the burden of proof on each of his claims. This means Plaintiff has the burden of proving to you every disputed element of his claims by a preponderance of the evidence. If you conclude that Plaintiff has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence, which refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you should consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, meaning it is as equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof. That is because the party with the burden of proof must prove more than simple equality of evidence. On the other hand, the party with the burden of proof does not need to prove any more than a preponderance of the evidence. This means that as long as you find on a given issue that the scales tip, however slightly, in favor of the party with the burden of proof, then you must find for that party on that issue, as that issue will have been proved by a preponderance of the evidence.

14

**COURT EXHIBIT 11**

Once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it completely out of your mind.

### J.  Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. I instruct you that you are not to speculate as to what those witnesses would have testified to had they been called.

**COURT EXHIBIT 11**

### K.  Multiple Claims and Multiple Parties

This claim has multiple defendants, as well as multiple claims. You must consider each claim separately, and you must consider the evidence against each defendant separately. Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against any other defendant.

## II.    Substantive Instructions

### A.  Overview

I'm now going to tell you about the law that you will have to apply to the facts as you find them. They are to help you evaluate the evidence in light of what you are asked to do now that you have heard all the evidence. To the extent that there are any differences between the preliminary instructions that I gave you at the beginning of trial and these final instructions, the final instructions are the ones you must follow in your deliberations.

You have also been provided with a verdict form that you will fill out during your deliberations. On the form, there are spaces to indicate your verdict on Plaintiff's claims against each defendant. You should proceed through the questions in the order in which they are listed. The verdict form contains 4 questions. You may not have to answer all of them. The instructions I am about to give you will guide you on when and how to answer each question.

**B.  Section 1983 and Grievance Forms**

Plaintiff brings his claim under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. In this case, there is no dispute that Defendants were acting under color of state law.

You have heard testimony and saw evidence about the requirement that Plaintiff must submit a grievance form to bring the claims in this case. This is not an issue for you to consider, and you are to disregard the evidence about this issue.

Plaintiff brings two Section 1983 claims in violation of Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. The first claim is for unconstitutional conditions of confinement. The second claim is for the use of excessive force. I will now explain what Plaintiff must prove for each of these claims.

### C. Substantive Law – Conditions of Confinement

Plaintiff claims that the conditions on the bus on the night of August 30, 2016 to the morning of August 31, 2016 violated his Eighth Amendment rights because he was not provided adequate food, water, shelter, sanitation, medication, or safety while he was on the bus. He has sued the following defendants for depriving him of those rights: Munish Chopra, Enjoli Lake, Kevin Anderson, and Cedric Carter. Remember that you are to consider each defendants' liability separately, and to not let your finding against one defendant prejudice you against another.

In order to prevail on a Section 1983 claim for unconstitutional conditions of confinement under the Eighth Amendment, Plaintiff must prove two things: First, that he suffered an objectively and sufficiently serious deprivation. Second, that the defendant you are considering acted with deliberate indifference. Let me go through each element.

### 1. Sufficiently Serious Deprivation

First, Plaintiff must prove that the deprivation he suffered was objectively and sufficiently serious—or in other words, that the conditions of his confinement on the bus resulted in the denial of the minimal measure of life's necessities.[1]

To be an objectively and sufficiently serious deprivation, it is not enough that the conditions were restrictive or harsh. That is because the Eighth Amendment's prohibition against cruel and unusual punishment does not mandate comfortable prisons. But the Eighth Amendment does require that the conditions of a person's confinement must be at least humane. What this means is that Plaintiff must prove by a preponderance of the credible evidence that the conditions he experienced amounted to an excessive or unreasonable risk of serious damage to his health or

---

[1] *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).

safety.[2] There is no bright line test for whether a deprivation meets this bar; instead, you must evaluate the conditions against contemporary standards of decency. In other words, Plaintiff must show that the risk of which he complains is not one that today's society chooses to tolerate.[3]

You may consider whether each condition of Plaintiff's confinement—that is, the adequacy of food, clothing, shelter, sanitation, medical care, or personal safety—was objectively and sufficiently serious on its own. You may also consider whether, taken together, these conditions were objectively and sufficiently serious, if you find that these conditions have a mutually enforcing effect. You should consider the severity and length of each condition, but because this is an objective test, you should not consider any of Plaintiff's alleged injuries.[4]

Plaintiff's conditions of confinement claim against the Defendants concerns only the conditions of his confinement on the bus. As such, any conditions of confinement Plaintiff may have testified to before he was on the bus or after he was removed from the bus cannot form the basis for liability on this claim.

## 2. Deliberate Indifference

Second, Plaintiff must prove, by a preponderance of the credible evidence, that the defendant you are considering acted with deliberate indifference. Deliberate indifference means that the defendant personally knew of, and disregarded, an excessive risk to Plaintiff's health or safety. Evidence that a risk was obvious, or otherwise must have been known to the defendant, may be sufficient for you to conclude that the defendant was actually aware of the risk. Please note that this intent element can be proved directly, or it can be proved by reasonable inference

---

[2] Jury Charge for *Brandon v. Royce*, No. 16-CV-5552 (VB).
[3] *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017); *Helling v. McKinney*, 509 U.S. 25, 36 (1993).
[4] *Darnell*, 849 F.3d at 31–32.

from circumstantial evidence.[5] A defendant can be found to be deliberately indifferent even if they were following orders, if it was apparent that the orders themselves were unconstitutional.[6]

For Defendant Enjoli Lake, who was not on the bus when the alleged constitutional violation occurred, Plaintiff might also prove deliberate indifference through something called supervisory liability. To do so, Plaintiff must prove that Defendant Lake knew there existed a substantial risk of serious harm.[7]

If you find that Plaintiff has proven both elements for the Defendant you are considering, then answer YES for that Defendant on Question 1 of the Verdict Form.

---

[5] Jury Charge for *Brandon*, No. 16-CV-5552; *Walker*, 717 F.3d at 124.
[6] *See Sorensen v. City of New York*, 42 F. App'x 507, 511 (2d Cir. 2002).
[7] *See Elting v. Lassiter*, No. 22-CV-8573 (PGG), 2023 WL 8699454, at *5 (S.D.N.Y. Dec. 14, 2023).

### D.  Substantive Law - Excessive Force

Plaintiff's second claim is that Defendants used excessive force on the morning of August 31, 2016. This claim includes the use of the chemical agent. Plaintiff has sued the following defendants for use of excessive force: Daniel Ortiz, Mark Daniels, Edwin Lopera, Alason Henry, Maxsolaine Mingo, and Walter Ross. Again, remember that you are to consider each defendants' liability separately, and to not let your finding against one defendant prejudice you against another.

To establish an excessive force claim in violation of the Eighth Amendment, Plaintiff must prove each of the following things by a preponderance of the evidence:

(1) the defendant you are considering used force on Plaintiff;

(2) the defendant did so, not in a good faith effort to maintain or restore security or discipline, or the defendant did so maliciously, for the purpose of causing Plaintiff harm; and

(3) the defendant's conduct caused harm to Plaintiff.[8]

I will explain each of these requirements.

#### 1.  Use of Force

For the first requirement, Plaintiff must prove that the defendant you are considering actually used force on Plaintiff, failed to intervene, or ordered the use of force. I will instruct you on failure to intervene and ordering the use of force in a moment.

#### 2.  Unreasonable Force

For the second requirement, you must determine if that actual use of force was done so with a wanton state of mind. An officer uses force with a wanton state of mind in one of the

---

[8] Fed. Civ. Jury Instr. 7th Cir. 7.18 (2021); *see also Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016); *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003); *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999).

following circumstances. First, Plaintiff can prove a wanton state of mind if force is applied maliciously and sadistically, in other words for the purpose of causing harm. Or, second, Plaintiff can prove a wanton state of mind if the officer applies force not in a good faith effort to maintain or restore discipline. In this second circumstance, an officer's acts need not be malicious or sadistic.

In determining whether the force used was for the purpose of maliciously harming Plaintiff or not in a good faith effort to maintain or restore security or discipline, you should consider the extent of the plaintiff's injuries, the need for the application of force, the correlation between that need and the amount of force used, the threat reasonably perceived by the defendant, and any efforts made by the officer to temper the severity of a forceful response. You should bear in mind that the management of prisoners by correction officers may require such officers to intentionally use force on occasion. Where force is used in response to a prison disturbance, it is done in haste and under pressure. Consequently, it must be judged in the context of the legitimate concerns for the safety of prison staff or other inmates.[9] A defendant can be found to have used force unreasonably even if they were following orders, if it was apparent that the orders themselves were unconstitutional.[10]

### 3. Harm

For the third element, Plaintiff must prove that the defendant's conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions.[11] This prong is context

---

[9] Jury Instructions in *Jackson v. Kaufman*, No. 13-CV-6544 (RA); Fed. Civ. Jury Instr. 7th Cir. 7.18 (2021); *see also Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016); *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003); *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999).

[10] *See Sorensen v. City of New York*, 42 F. App'x 507, 511 (2d Cir. 2002).

[11] *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015) (quoting *Hudson*, 503 U.S. at 8).

specific.[12] Not every push or shove is a constitutional violation.[13] Instead, this factor is satisfied if the force violates current standards of decency or involves unnecessary and deliberate infliction of pain.[14] Plaintiff is not required to establish that he suffered a significant injury.[15]

If you find that Plaintiff has proven all three elements for the Defendant you are considering, then answer YES for that Defendant on Question 3 of the Verdict Form.

### 4. Failure to Intervene

For certain Defendants, Plaintiff is bringing a claim for the failure to intervene in the use of excessive force. I will call these the "Intervention Defendants." The Intervention Defendants are Defendants Daniels, Ross, and Lopera. If you find that Plaintiff suffered from the use of excessive force, then you should consider whether the Intervention Defendants should also be held liable for the failure to intervene in the use of that force.

In order to establish that an officer failed to intervene to prevent an unconstitutional use of excessive force, the Plaintiff must prove that: (1) The Defendant had a realistic opportunity to intervene and prevent the harm; (2) A reasonable person in the Defendant's position would have known that the Plaintiff's constitutional rights were being violated; and (3) The Defendant did not take reasonable steps to intervene.[16]

Remember, for an Intervention Defendant to be liable, Plaintiff must first prove that an excessive use of force caused him injury. If you find that Plaintiff suffered an excessive use of force that caused him injury, and you find that an Intervention Defendant failure to take

---

[12] *Id*. (quoting *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999)).

[13] *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

[14] *Crawford*, 796 F.3d at 256.

[15] *Hudson*, 503 U.S. at 10.

[16] *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), *aff'd sub nom. Jean-Laurent v. Wilkerson*, 461 F. App'x 18 (2d Cir. 2012).

reasonable steps to intervene, then answer YES for that Defendant on Question 3 of the Verdict Form.

### 5. Supervisory Liability

I am now going to instruct you on supervisory liability for an excessive force claim. For Defendant Maxsolaine Mingo, who was not on the bus when the alleged use of force occurred, Plaintiff is claiming supervisory liability. To prove supervisory liability for an excessive force claim, Plaintiff must prove by a preponderance of the evidence that Defendant Mingo knew there existed a substantial risk of serious harm—that is, a substantial risk of the unnecessary and wanton infliction of pain.[17]

Again, for Defendant Mingo to be liable as a supervisor, Plaintiff must first prove the elements I described earlier showing that an unreasonable use of force caused him injury. If you find that Plaintiff suffered an unreasonable use of force that caused him injury, and you find that Defendant Mingo knew of the substantial risk of unnecessary and wanton infliction of pain, answer YES for Defendant Mingo on Question 3 of the Verdict Form.

---

[17] *Elting v. Lassiter*, No. 22-CV-8573 (PGG), 2023 WL 8699454, at *5 (S.D.N.Y. Dec. 14, 2023); *Javier v. Russo*, No. 21-CV-7097 (VB), 2023 WL 5532468, at *7 (S.D.N.Y. Aug. 28, 2023).

### E.  Relevance of Directives

You have heard testimony about and seen excerpts about DOC operations orders and directives that correction officers receive. The operations orders and directives may not cover every situation that an officer confronts. You may consider the operation orders and directives in determining how a reasonable officer might comport himself, but keep in mind that the orders and directives are not necessarily coextensive with the federal constitution. An act that violates the directives may or may not violate the Constitution. Therefore, you must determine whether Plaintiff's constitutional rights were violated, not whether the defendant complied with the directives or his orders.

### F. Spoliation[18]

Plaintiff contends that Defendants at one time possessed a video recording of ESU's conduct on the bus. However, Defendants contend that this recording never existed. You may, but are not required, to assume the footage would have been unfavorable to Defendants only if you find the following by a preponderance of the evidence:

(1)    The video existed;

(2)    The video was relevant to a claim or defense in this case; and

(3)    Defendants acted with the intent to deprive Plaintiff of the video.

---

[18] 7th Circuit Spoliation Instruction 1.20; *Hoffer v. Tellone*, 128 F.4th 433, 441 (2d Cir. 2025).

### G.  Proximate Cause[19]

If you conclude that a defendant violated one or more of Plaintiff's rights, you must next decide whether that defendant's actions or inactions were a substantial and reasonably foreseeable factor in causing Defendant to suffer injury or damage.

A single action or inaction may cause injury or damage. Multiple actions or inactions – by a person or more than one person – can cause injury or damages as well. For example, one person can be liable for using excessive force while another is liable for failing to stop the first person from using excessive force. If that is the case, the actions or inactions of two or more people could have been a substantial factor in causing Plaintiff to suffer injury or damage.

---

[19] Taken from Joint Requests at 19.

### H.  Damages[20]

If Plaintiff has proven by a preponderance of the credible evidence that a defendant is liable on any one of Plaintiff's claims, then you must determine the damages to which Plaintiff is entitled. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

If you find that Plaintiff is entitled to damages from multiple defendants, you will not have to consider the damages owed by each defendant. Instead, because all liable defendants will share responsibility for the amount of damages owed to Plaintiff, you only need to determine the amount of damages that Plaintiff is owed in total based on his injuries, if any.

You may hear counsel for Plaintiff suggest an amount of damages for you to award Plaintiff. As I instructed you previously, the arguments of counsel are not evidence, and any damages you award Plaintiff must be based on the evidence as I have instructed you.

---

[20] Instructions on all damages are consistent with this Court's Instructions in *Castro v. Smith*, No. 16-CV-8147.

### 1.  Compensatory Damages[21]

If you return a verdict for Plaintiff on his claims, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the Defendants. These damages are called compensatory damages. Compensatory damages seek to make a plaintiff whole – that is, to compensate a plaintiff for the damages suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of Defendants' conduct.

I remind you that you may award compensatory damages only for those injuries that Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here. You may, however, compensate Plaintiff to the extent that you find that he was further injured by Defendants' violations of his rights.

When considering damages pertaining to the use of pepper spray, you are to consider the evidence only relating to alleged harm immediately suffered from the pepper spray regardless of how long that harm lasted. You are not to consider any evidence of medical conditions allegedly developed substantially thereafter. For example, you should not consider evidence of medical conditions that newly arose days after the incident occurred.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for

---

[21] MODERN FEDERAL JURY INSTRUCTIONS-CIVIL, Instruction 77-3.

**COURT EXHIBIT 11**

those injuries that you find Plaintiff has actually suffered or is reasonably likely to suffer in the near future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

There is no claim in this case that Plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

On the Verdict Form, you will indicate your responses on compensatory damages separately for the two claims. Indicate your answers on compensatory damages as to the conditions of confinement claim under Question 2. Indicate your answers on compensatory damages as to the excessive force claim under Question 4.

## 2. Nominal Damages

If you return a verdict in Plaintiff's favor on either of his claims, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you must return an award of nominal damages. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury. Nominal damages may only be awarded for a token sum, not to exceed one dollar.

You may not award both nominal and compensatory damages to Plaintiff; either Plaintiff was measurably injured, in which case you must award compensatory damages, or else Plaintiff was not, in which case you may award nominal damages.

On the Verdict Form, you will indicate your responses on nominal damages separately for the conditions of confinement and the excessive force claim, under Questions 2 and 4, respectively.

### 3. Punitive Damages[22]

If you should find that the defendant you are considering is liable for Plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You will assess punitive damages independently for each Defendant that you find liable for Plaintiff's injuries.[23] You may award punitive damages if Plaintiff has proven by a preponderance of the evidence that a defendant's conduct was malicious or reckless, not merely unreasonable. An act is malicious or reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion – you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount – it must not reflect bias, prejudice or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. You may also consider the reprehensibility of a defendant's conduct; the impact of a defendant's conduct on Plaintiff; the relationship between Plaintiff and the defendant; the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made; and the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

---

[22] MODERN FEDERAL JURY INSTRUCTIONS-CIVIL, Instruction 77-5; SECTION 1983 LITIGATION: JURY INSTRUCTIONS, Model Instruction 8: Punitive Damages; *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996).

[23] *Saleh v. Pretty Girl, Inc.*, No. 09-CV-1769 (RER), 2022 WL 4078150, at *29 (E.D.N.Y. Sept. 6, 2022).

**COURT EXHIBIT 11**

On the Verdict Form, you will indicate your answers on punitive damages under Question 2 for the conditions of confinement claim and under Question 4 for the excessive force claim.

### I.  Closing Arguments

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

### III.    Deliberations of the Jury

### A.  Right To See Exhibits and Hear Testimony; Communications with Court

You are about to go into the jury room and begin your deliberations. You will have all of the exhibits on a flash drive provided to you. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**B.  Notes**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### C. Duty to Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, Plaintiff must sustain its burden of proof as I have explained to you with respect to each element of the Complaint. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against Plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

### D.  Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

### E.  Return of Verdict

I have prepared a verdict form for you to use in recording your decision. On the form, there are spaces to indicate your determinations regarding each Plaintiff's claim against each defendant. You should proceed through the questions in the order in which they are listed. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it and then give a note to the deputy stating that you have reached a verdict. Do not specify what the verdict is in your note. Remember, the verdict must be unanimous and must reflect the conscientious judgment of each juror.

I will stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### F.  Closing Comment

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: You should treat each other with courtesy and respect during your deliberation. All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Thank you for your time and attentiveness.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON

                  Plaintiff,

       -against-

MAXSOLAINE MINGO, MUNISH
CHOPRA, ENJOLI MURRIA, MARK
DANIELS, WALTER ROSS, KEVIN
ANDERSON, CEDRIC CARTER, ALASON
HENRY, EDWIN LOPERA, and DANIEL
ORTIZ,

                 Defendants.

18-CV-2765 (JGLC)

## **<u>VERDICT FORM</u>**

**All Jurors must agree unanimously to the answers to each question. Please follow the directions in this form closely and move through the form in the order that the questions are asked.**

**COURT EXHIBIT 12**

## QUESTION 1: CONDITIONS OF CONFINEMENT

## QUESTION 1

Has Plaintiff shown by a preponderance of the credible evidence that any of these Defendants violated his right to constitutional conditions of confinement? Answer 'YES' or 'NO' with respect to each Defendant listed.

Enjoli Lake            _____

Munish Chopra       _____

Cedric Carter         _____

Kevin Anderson      _____

**If you answered YES to at least one Defendant, proceed to Question 2.**

**If you answered NO to all Defendants, proceed to Question 3.**

## QUESTION 2: DAMAGES (CONDITIONS OF CONFINEMENT)

### QUESTION 2(A)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to compensatory damages as a result of unconstitutional conditions of confinement?

Yes _____                    No _____

**If you answered YES please proceed to Question 2(B).**

**If you answered NO please proceed to Question 2(C).**

### QUESTION 2(B)

State the total amount of any actual compensatory damages that Plaintiff has proven he is entitled to on his conditions of confinement claim.

$_____

**Please proceed to Question 2(D).**

### QUESTION 2(C)

What amount of nominal damages, not to exceed one dollar, do you award Plaintiff on his conditions of confinement claim?  You are required to award nominal damages if you answered "Yes" to any Defendant in Question 1 and "No" to Question 2(A).

$_____

**Please proceed to Question 2(D).**

**COURT EXHIBIT 12**

### QUESTION 2(D)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to punitive damages for his conditions of confinement claim from any of the following Defendants? Answer 'YES' or 'NO' with respect to each defendant listed. *If you answered NO for any Defendant in Question 1, you must also answer NO for that Defendant here.*

Enjoli Lake            _____

Munish Chopra          _____

Cedric Carter          _____

Kevin Anderson         _____


**If you answered YES to any Defendant, please proceed to Question 2(E) for that Defendant.**

**If you answered NO to all Defendants, proceed to Question 3.**

### QUESTION 2(E)

What amount of punitive damages is to be awarded against each of these Defendants? *If you answered NO for any Defendant in Question 2(D), leave the space next to that Defendant blank.*

Enjoli Lake            $_____

Munish Chopra          $_____

Cedric Carter          $_____

Kevin Anderson         $_____

**Proceed to Question 3.**

**COURT EXHIBIT 12**

## QUESTION 3: EXCESSIVE USE OF FORCE

## QUESTION 3

Has Plaintiff proven by a preponderance of the credible evidence that any of these Defendants violated his right to be free from the use of excessive force? Answer 'YES' or 'NO' with respect to each Defendant listed.

Maxsolaine Mingo     _____

Daniel Ortiz     _____

Mark Daniels     _____

Edwin Lopera     _____

Alason Henry     _____

Walter Ross     _____

**If you answered YES to at least one Defendant, proceed to Question 4.**

**If you answered NO to all Defendants, your deliberations are <u>finished</u>.**

5

**COURT EXHIBIT 12**

## QUESTION 4: DAMAGES (EXCESSIVE FORCE)

### QUESTION 4(A)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to compensatory damages as a result of being subjected to excessive force?

       Yes _____              No _____

**If you answered YES please proceed to Question 4(B).**

**If you answered NO please proceed to Question 4(C).**

### QUESTION 4(B)

State the total amount of any actual compensatory damages that Plaintiff has proven he is entitled to on his excessive force claim.

$_____

**Please proceed to Question 4(D).**

### QUESTION 4(C)

What amount of nominal damages, not to exceed one dollar, do you award Plaintiff on his excessive force claim?  You are required to award nominal damages if you answered "Yes" to any Defendant in Question 3 and "No" to Question 4(A).

$_____

**Please proceed to Question 4(D).**

**COURT EXHIBIT 12**

### QUESTION 4(D)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to punitive damages for his excessive force claim from any of the following Defendants? Answer 'YES' or 'NO' with respect to each Defendant listed. *If you answered NO for any Defendant in Question 3, you must also answer NO for that Defendant here.*

Maxsolaine Mingo      _____

Daniel Ortiz      _____

Mark Daniels      _____

Edwin Lopera      _____

Alason Henry      _____

Walter Ross      _____

**If you answered YES to any Defendant, please proceed to Question 4(E) for that Defendant.**

**If you answered NO for all Defendants, your deliberations are <u>finished</u>.**

### QUESTION 4(E)

What amount of punitive damages is to be awarded against each of these Defendants? *If you answered NO for any Defendant in Question 4(D), leave the space next to that Defendant blank.*

Maxsolaine Mingo      $_____

Daniel Ortiz      $_____

Mark Daniels      $_____

Edwin Lopera      $_____

Alason Henry      $_____

Walter Ross      $_____

**Your deliberations are <u>finished</u>.**

I attest the foregoing reflects the jury's decision.

_____
Foreperson

Dated: _____, 2025

7



Jury Note #1

We have a verdict

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD COLSON

                              Plaintiff,

        -against-

MAXSOLAINE MINGO, MUNISH
CHOPRA, ENJOLI MURRIA, MARK
DANIELS, WALTER ROSS, KEVIN
ANDERSON, CEDRIC CARTER, ALASON
HENRY, EDWIN LOPERA, and DANIEL
ORTIZ,

                              Defendants.

18-CV-2765 (JGLC)

## **VERDICT FORM**

**All Jurors must agree unanimously to the answers to each question. Please follow the directions in this form closely and move through the form in the order that the questions are asked.**

**COURT EXHIBIT 12**

## QUESTION 1: CONDITIONS OF CONFINEMENT

## QUESTION 1

Has Plaintiff shown by a preponderance of the credible evidence that any of these Defendants violated his right to constitutional conditions of confinement? Answer 'YES' or 'NO' with respect to each Defendant listed.

Enjoli Lake _____NO_____

Munish Chopra _____N 0_____

Cedric Carter _____NO_____

Kevin Anderson _____NO_____

**If you answered YES to at least one Defendant, proceed to Question 2.**

**If you answered NO to all Defendants, proceed to Question 3.**

## **QUESTION 2: DAMAGES (CONDITIONS OF CONFINEMENT)**

### **QUESTION 2(A)**

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to compensatory damages as a result of unconstitutional conditions of confinement?

Yes _____.                          No _____

**If you answered YES please proceed to Question 2(B).**

**If you answered NO please proceed to Question 2(C).**

### **QUESTION 2(B)**

State the total amount of any actual compensatory damages that Plaintiff has proven he is entitled to on his conditions of confinement claim.

$_____

**Please proceed to Question 2(D).**

### **QUESTION 2(C)**

What amount of nominal damages, not to exceed one dollar, do you award Plaintiff on his conditions of confinement claim?  You are required to award nominal damages if you answered "Yes" to any Defendant in Question 1 and "No" to Question 2(A).

$_____

**Please proceed to Question 2(D).**

**COURT EXHIBIT 12**

## QUESTION 2(D)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to punitive damages for his conditions of confinement claim from any of the following Defendants? Answer 'YES' or 'NO' with respect to each defendant listed. *If you answered NO for any Defendant in Question 1, you must also answer NO for that Defendant here.*

Enjoli Lake         _____

Munish Chopra       _____

Cedric Carter       _____

Kevin Anderson      _____


**If you answered YES to any Defendant, please proceed to Question 2(E) for that Defendant.**

**If you answered NO to all Defendants, proceed to Question 3.**

## QUESTION 2(E)

What amount of punitive damages is to be awarded against each of these Defendants? *If you answered NO for any Defendant in Question 2(D), leave the space next to that Defendant blank.*

Enjoli Lake         $_____

Munish Chopra       $_____

Cedric Carter       $_____

Kevin Anderson      $_____

**Proceed to Question 3.**

**COURT EXHIBIT 12**

## QUESTION 3: EXCESSIVE USE OF FORCE

### QUESTION 3

Has Plaintiff proven by a preponderance of the credible evidence that any of these Defendants violated his right to be free from the use of excessive force? Answer 'YES' or 'NO' with respect to each Defendant listed.

| | |
|---|---|
| Maxsolaine Mingo | NO |
| Daniel Ortiz | NO |
| Mark Daniels | NO |
| Edwin Lopera | NO |
| Alason Henry | NO |
| Walter Ross | NO |

**If you answered YES to at least one Defendant, proceed to Question 4.**

**If you answered NO to all Defendants, your deliberations are <u>finished</u>.**

5

**COURT EXHIBIT 12**

## QUESTION 4: DAMAGES (EXCESSIVE FORCE)

### QUESTION 4(A)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to compensatory damages as a result of being subjected to excessive force?

Yes _____                    No _____

**If you answered YES please proceed to Question 4(B).**

**If you answered NO please proceed to Question 4(C).**

### QUESTION 4(B)

State the total amount of any actual compensatory damages that Plaintiff has proven he is entitled to on his excessive force claim.

$_____

**Please proceed to Question 4(D).**

### QUESTION 4(C)

What amount of nominal damages, not to exceed one dollar, do you award Plaintiff on his excessive force claim?  You are required to award nominal damages if you answered "Yes" to any Defendant in Question 3 and "No" to Question 4(A).

$_____

**Please proceed to Question 4(D).**

## QUESTION 4(D)

Has Plaintiff proven by a preponderance of the credible evidence that he is entitled to punitive damages for his excessive force claim from any of the following Defendants? Answer 'YES' or 'NO' with respect to each Defendant listed. *If you answered NO for any Defendant in Question 3, you must also answer NO for that Defendant here.*

Maxsolaine Mingo          _____

Daniel Ortiz              _____

Mark Daniels              _____

Edwin Lopera              _____

Alason Henry              _____

Walter Ross               _____

**If you answered YES to any Defendant, please proceed to Question 4(E) for that Defendant.**

**If you answered NO for all Defendants, your deliberations are <u>finished</u>.**

## QUESTION 4(E)

What amount of punitive damages is to be awarded against each of these Defendants? *If you answered NO for any Defendant in Question 4(D), leave the space next to that Defendant blank.*

Maxsolaine Mingo          $_____

Daniel Ortiz              $_____

Mark Daniels              $_____

Edwin Lopera              $_____

Alason Henry              $_____

Walter Ross               $_____

**Your deliberations are <u>finished</u>.**

I attest the foregoing reflects the jury's decision.

_____
Foreperson

Dated: *March 25*, 2025

7